**FILED**

JAN 1 6 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ANTHONY STARR,** | : | **CIVIL NO.1:CV-07-2180** |
| **Petitioner** | : | **(Judge Rambo)** |
| v. | : | **(Magistrate Judge Blewitt)** |
| **WARDEN D.J. EBBERT,** | : | Case: 1:08-cv-00084 |
| **Respondent** | : | Assigned To : Bates, John D. |
| | : | Assign. Date : 1/16/2008 |
| | | Description: Habeas Corpus/2255 |

# O R D E R

Before the court is a report of the magistrate judge to whom this matter was referred that recommends the captioned case filed pursuant to 28 U.S.C. § 2254 be transferred to the United States District Court for the District of Columbia for the convenience of the parties and in the interest of justice.   No timely objections to the report and recommendation have been filed.[1]

Upon consideration of the record before the court and the applicable law, **IT IS HEREBY ORDERED THAT**:

1) This court adopts the report and recommendation of Magistrate Judge Blewitt.

2) The Clerk of Court shall transfer the captioned case to the United States District Court for the District of Columbia and close the file in this district.

s/Sylvia H. Rambo
SYLVIA H. RAMBO
United States District Judge

Dated:  January 10, 2008.

---

[1]Objections were due no later than January 2, 2008.

Certified from the record
Date  1/10/07
Mary E. D'Andrea, Clerk

Per _____
Deputy Clerk

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

## I (a) PLAINTIFFS

*ANTHONY STARR*

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF *88988*
(EXCEPT IN U.S. PLAINTIFF CASES)

*PRO SE PR*

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
*#07684-007*

## DEFENDANTS

*WARDEN EBBERT*

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED

A

Case: 1:08-cv-00084
Assigned To : Bates, John D.
Assign. Date : 1/16/2008
Description: Habeas Corpus/2255

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff

☐ 3 Federal Question
(U.S. Government Not a Party)

☒ 2 U.S. Government Defendant

☐ 4 Diversity
(Indicate Citizenship of Parties in item III)

## III CITIZENS
FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
**(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)**

### ☐ A. *Antitrust*

☐ 410 Antitrust

### ☐ B. *Personal Injury/ Malpractice*

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ☐ C. *Administrative Agency Review*

☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ☐ D. *Temporary Restraining Order/Preliminary Injunction*

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

## ☐ E. *General Civil (Other)* OR ☐ F. *Pro Se General Civil*

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

— 0 —

| ☐ G. *Habeas Corpus/ 2255* | ☐ H. *Employment Discrimination* | ☐ I. *FOIA/PRIVACY ACT* | ☐ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ☐ K. *Labor/ERISA (non-employment)* | ☐ L. *Other Civil Rights (non-employment)* | ☐ M. *Contract* | ☐ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

☑ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☑ 5 Transferred from another district (specify)   ☐ Multi district Litigation   ☐ 7 Appeal to District Judge from Mag. Judge

*USDC NDP*

**VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)**

*28 USC 2241 – Habeas Corpus*

| **VII. REQUESTED IN COMPLAINT** | CHECK IF THIS IS A CLASS ☐ ACTION UNDER F.R.C.P. 23 | **DEMAND $** | Check YES only if demanded in complaint<br>**JURY DEMAND:** ☐ YES   ☑ NO |
|---|---|---|---|

**VIII. RELATED CASE(S) IF ANY** NF   (See instruction)   ☐ YES   ☑ NO   If yes, please complete related case form.

**DATE** 1-16-08   **SIGNATURE OF ATTORNEY OF RECORD** NGD

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.   RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

CLOSED, HABEAS, PROSE

# United States District Court
## Middle District of Pennsylvania (Harrisburg)
## CIVIL DOCKET FOR CASE #: 1:07-cv-02180-SHR
## Internal Use Only

Starr v. Ebbert
Assigned to: Honorable Sylvia H. Rambo
Cause: 28:2254 Petition for Writ of Habeas Corpus (State)

Date Filed: 11/30/2007
Date Terminated: 01/10/2008
Jury Demand: None
Nature of Suit: 530 Habeas Corpus
(General)
Jurisdiction: U.S. Government
Defendant

**Petitioner**

**Anthony Starr**                    represented by    **Anthony Starr**
07684-007
FCI Allenwood
P.O. Box 2000
White Deer, PA 17887
PRO SE

Certified from the record
Date ___1/10/08___
Mary E. D'Andrea, Clerk

Per _____
Deputy Clerk

V.

**Respondent**

**Warden D.J. Ebbert**

| Date Filed | # | Docket Text |
|---|---|---|
| 11/30/2007 | 1 | PETITION for Writ of Habeas Corpus filed by petitioner Anthony Starr. (jc) (Entered: 11/30/2007) |
| 11/30/2007 | 2 | MOTION for immediate release and removal from the restraints by petitioner Anthony Starr.(jc) Additional attachment(s) added on 11/30/2007 (jc, ). (Entered: 11/30/2007) |
| 11/30/2007 | 3 | BRIEF IN SUPPORT of 2 MOTION for immediate release and removal from the restraints filed by petitioner Anthony Starr. (Attachments: # 1 Exhibit(s))(jc) (Entered: 11/30/2007) |
| 11/30/2007 | 4 | PRO SE LETTER ISSUED w/ Notice & Consent Form. (jc) (Entered: 11/30/2007) |
| 11/30/2007 | | Case file sent to Pro Se Writ Clerk. (jc) (Entered: 11/30/2007) |

| 12/03/2007 | ●5 | RECEIPT LETTER $ 5.00, receipt number 333 004176 from Pltf Starr for Filing Fee on 12/3/07. (rm, ) (Entered: 12/03/2007) |
| 12/10/2007 | ●6 | ORDER : Clerk of Court shall correct the docket to reflect that this Habeas Corpus Petition is filed pursuant to 28 U.S.C. 2254;Signed by Judge Thomas M. Blewitt on 12/10/07. (ep, ) (Entered: 12/10/2007) |
| 12/11/2007 | ●7 | REPORT AND RECOMMENDATIONS re 1 Petition for Writ of Habeas Corpus filed by Anthony Starr Objections to R&R due by 12/31/2007Signed by Judge Thomas M. Blewitt on 12/11/07. (ep, ) (Entered: 12/11/2007) |
| 12/11/2007 | ● | (Court only) Case file to J.Rambo (ep, ) (Entered: 12/11/2007) |
| 01/10/2008 | ●8 | ORDER: 1) This court adopts the report and recommendation 7 of MagistrateJudge Blewitt.2) The Clerk of Court shall transfer the captioned case to the UnitedStates District Court for the District of Columbia and close the file in this district. Signed by Honorable Sylvia H. Rambo on 01/10/08 (ma, ) (Additional attachment(s) added on 1/10/2008: # 1 Main Document) (ma, ). (Entered: 01/10/2008) |

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA

ANTHONY STARR
07684-007                              NO._____
Full name and prison number
Of petitioner.


              v.                                    **FILED**
                                            HARRISBURG, PA

WARDEN D.J. EBBERT                            NOV 3 0 2007
Name of respondent
                                            MARY E. D'ANDREA, CLERK
                                            Per_____
          ( PERSONS IN FEDERAL CUSTODY )              Deputy Clerk

## PETITION FOR WRIT OF HABEAS CORPUS

Instructions  - Read carefully


1.    In order for this petition to receive consideration by the district court, it shall be in writing ( Legibly written or type-written ). And the unsworn declaration signed by the petitioner. It shall set forth in concise form, the answer to each applicable question. If neccassery, petitioner may finish his answer to a particular question on the reverse side of the page or an additional blank page. Petitioner shall make it clear to which question any such continued answer refers.


2. Any false statement of a material fact therein may serve as the basis of prosecution and conviction for perjury. Petitioners should therefore exercise care to assure that all answers are true and correct.


3. When the petition is completed, the original and three copies shall be mailed to the clerk, United States District Court, Middle District of Pennsylvania. P.O. BOX 1148, Scranton. Pa. 18501.


If you are unablw to pay the $ 5.00 filing fee for this action, you may petition the
court to proceed in forma puaperis. Two blank petitions for this purpose are
included in this packet. One copy should be filed with your complaint; the other
copy is for your records.

1.  Place of detenton   FCI ALLENWOOD P.O. BOX 2000

2.  Name and place of court which imposed sentence   D.C. SUPERIOR COURT OF THE DISTRICT OF COLUMBIA .

3.  The indictment number or numbers ( if known ) upon which and the offense or offenses for which sentence was imposed :

    (a)   CASE NO. F6443-91

    (b)   N/A

    (c)   N/A

4. The date upon which sentence was imposed and the terms of the sentence :

    (a)   JANUARY 23, 1992   5-15 YEARS

    (b)   N/A

    (c)   N/A

5. Check whether a finding of guilty was made

    (a)  after a plea of guilty   YES

    (b)  after a plea of not guilty   N/A

    (c)  after a plea of nolo contendere   N/A

6.  If you were found guilty after a plea of not guilty, Check whether that finding was made by :

    (a)  a jury   N/A

    (b)  a judge without a jury   N/A

    Did you appeal from the judgement of conviction or the imposition of sentence ?

8.  if you answered "yes" to (7), list

  (a)  the name of each court to which you appealed :

    1. _____ N/A _____

    2. _____ N/A _____

    3. _____ N/A _____

  (b)  the result in each such court to which appealed :

    1. _____ N/A _____

    2. _____ N/A _____

    3. _____ N/A _____

  (c)  if known, citations of any written opinions or orders entered pursuant to such results :

    1. _____ N/A _____

    2. _____ N/A _____

    3. _____ N/A _____

9.  State concisley the grounds on which you base your allegation that you are being held in costody unlawfully :

  (a)  __DUE PROCESS VIOLATION  18 U.S.C.  3161(B)_____

  (b)  __SPEEDY TRIAL 30 DAY ARREST TO INDICTMENT CLAUSE__

  (c)  _____

10. State concisely and in the same order the facts which support each of the grounds set out in (9) :

(a) ON OCT.21,2006 PETITIONER WALKED AWAY FROM CCC
MAY 9,2007, PETITIONER WAS ARRESTED AND DETAINED
(b) AT THE DC JAIL
MAY 30,2007, PETITIONER WAS TRANSFERED TO FCI
(c) ALLENWOOD WHITE DEER, PA. 17887 WITHOUT BEING
ARRANGED OR HAVING A HOUSING BOARD HEARING

11. Have you filed previous petitions for habeas corpus, motions under section 2255 of the title 28, united states code, or any other applications. Petitions or motions withn respect to this conviction :

N/A

12. if you aswered "yes" to (11) list with respect to each petition, motion or application

(a) the specific nature thereof :

1. _____ N/A _____

2. _____ N/A _____

3. _____ N/A _____

(b) the name and location of the court in which each was filed.

1. _____ N/A _____

2. _____ N/A _____

3. _____ N/A _____

(c) the disposition thereof :

1. _____ N/A _____

2. _____ N/A _____

3. _____ N/A _____

(d) the date of each such disposition :

N/A

1. _____

2. _____N/A_____

3. _____N/A_____


(e)  if known, citations of any written opinions or orders entered pursuant to each such disposition :

1. _____N/A_____

2. _____N/A_____

3. _____N/A_____


13.  If you did not file a motion uner section 2255 of title 28 united states code, or if you filed such a motion and it was denied, state why your remedy by way of such motion is inadequate or innefective to test the legality of your detention :


(a) _____N/A_____

(b) _____N/A_____

(c) _____N/A_____


14. Has any ground set fourth in (9) been previously presented to this or any federal court by way of petiton.


NO

15. If you answered " yes " to (14), identify

    (a) which grounds have been previously presented :

        1. _____ N/A _____

        2. _____ N/A _____

        3. _____ N/A _____

    (b) the proceedings in which each ground was raised :

        1. _____ N/A _____

        2. _____ N/A _____

        3. _____ N/A _____

16. were you represented by an attorney at any time during the course of :

    (a)  your arraignment and plea : _____ N/A _____

    (b)  your trial, if any : _____ N/A _____

    (c)  your sentencing : _____ N/A _____

    (d)  your appeal, if any, from the judgement of conviction or the imposition of sentence ?

_____ N/A _____

    (e)   preparation, prensentation or consideration of any petitions, motions or applications with respect to this conviction, which you filed :

N/A

_____

17. If you answered "yes" to one or more parts of (16), list

   (a) the name and address of each attorney who represented you:

     1. _____ N/A _____

     2. _____ N/A _____

     3. _____ N/A _____

   (b) the proceedings at which each such attorney represented you:

     1. _____ N/A _____

     2. _____ N/A _____

     3. _____ N/A _____

18. if you are seeking leave to proceed in forma pauperis, have you completed the unsworn declaration setting forth the required information ( see instructions, page 1 of this form ),.

          YES

Executed at   FCI ALLENWOOD MED WHITE DEER, PA 17887

          NAME OF INSTITUTION, CITY, STATE

**I declare under penalty of perjury that the foregoing is true and correct.**

Executed on   NOVEMBER 17, 2007

          (date)

#07684-007

_____

     signature of petitioner

ANTHONY STARR #07684-007
FCI ALLENWOOD P.O. BOX2000
WHITE DEER, PA 17887

2007   HARRISBURG PA 17

-PM-

NOV   28   2007   HARRISBURG PA 171

FEDERAL CORRECTIONAL
INSTITUTION ALLENWOOD

CLERK OF THE COURT
U.S. DISTRICT COURT
228 WALNUT STREET
P.O. BOX 983
HARRISBURG, PA 17108

# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**FILED**
HARRISBURG, PA

NOV 30 2007

MARY E. D'ANDREA, CLERK
Per_____
Deputy Clerk

ANTHONY STARR #07684-007
FCI ALLENWOOD P.O. BOX 2000
WHITE DEER, PA 17887
      PETITIONER

    vs

WARDEN D.J. EBBERT
FCI ALLENWOOD P.O. BOX 2000
WHITE DEER, PA 17887
      RESPONDENT

CIVIL NO._____

## WRIT OF HABEAS CORPUS TITLE 28 U.S.C. 2241 MOTION FOR IMMEDIATE RELEASE AND REMOVAL FROM THE RESTRAINTS AND CUSTODY OF THE RESPONDENT WITH MEMORANDUM IN SUPPORT

      Comes now, Petitioner, Anthony Starr, acting herein, Pro-Se (hereinafter) referred to as "Petitioner" and pursuant to Title 28 U.S.C. Code, Section 2241 respectfully request of this Honorable Court to grant his removal and immediate release from the custody and restraints of Respondent, Warden D.J. Ebbert.

      Petitioner's grounds are as follows:

### Background

      On January 23, 1992, Petitioner plead guilty in Criminal Case F6443-91 before the Honorable Judge Scott of the Superior Court for the District of Columbia, Washington, D.C. and was sentenced to 5-15 years. On Novmeber 29, 2005 Petitioner violated parole and was given 12 months by USPC. Petitioner was transfered to FDC Philadelahia and then to FCI Allenwood.

On August 8, 2006 Petitioner was released on parole from FCI Allenwood to the Community Corrections Center/Halfway House in Washington, D.C., on October 21, 2006 Petitioner walked away from the halfway house which is considered a prison breach under 22 D.C. Code, Section 2601(a)(1), and not an escape.

May 9, 2007 Petitioner was arrested and detained at D.C. Jail where he remained for a three(3) weeks.

May 30, 2007 Petitioner was transfered to FCI Allenwood.

October 18, 2007 a bench warrant was issued against this writer by the D.C. Superior Court for leaving the Community Correctional Center/Halfway House which is consider a prison breach,but was printed as an escape under 22 D.C. Code, Section 2601(a)(1). see:(Exhibit-1)

On November 01, 2007 Petitioner signed the document titled Interstate Agreement Detainer Act (IADA) upon being coerced by FCI Allenwood prison officals.

**PETITIONER IS CONTESTING THE CUSTODY, RESTRAINTS AND MANNER OF HIS DETENTION UPON BEING ARRESTED FOR PRISON BREACH UNDER 22 D.C. CODE, SECTION 2601(a)(1)**
**PETITIONER WAS DENIED HIS DUE PROCESS RIGHTS TO SPEEDY TRIAL 30 DAYS ARREST TO INDICTMENT CLAUSE IN VIOLATION OF 18 U.S.C. 3161(b) FOR OVER FIVE(5) MONTHS**

Petitioner states that he left the Community Correctional Center/Halfway House in Washington, D.C. on October 21, 2006 and was later apprehended on May 9, 2007 and detained at the D.C. Jail which is considered a prison breach under D.C. Code Section 2601(a)(1).

Petitioner states that the indictment which was wrongly brought as an escape was issued 5 months passed the speedy trial,30 day arrest to indictment clause in violation of **18 U.S.C.3161(b)**

(2)

Which states; any information or indictment charging an individual with commission of an offense shall be filed within thirty(30) days from the date on which such individual was arrested or served with summons in connection with such charge(s). **shall be dismissed**

Petitioner states that once he was arrested on May 9, 2007 he was entitled to be served upon by the U.S. Marshal Service in Washington, D.C. However after more than five(5) months had passed, the indictment that was issued by D.C. Superior Court was sent to the U.S. Marshal Service in Pennsylvania two states away from Washington, D.C. which proves that the indictment was served well passed the 30 day arrest to indictment clause which is why the U.S. Marshal Service in Washington, D.C. never informed or presented an indictment to bring Petitioner back on the new charge.

Upon being arrested and detained on May 9, 2007, Petitioner was denied his Due Process Rights to the Speedy Trial 30 Day Arrest to Indictment Clause for over five(5) months upon being indicted for an escape which in fact is considered a prison breach under 22 D.C. Code, Section 2601(a)(1). Thus, Petitioner request of this Honorable Court to remove him from the restraints and custody of Respondent and dismiss the indictment. Wherefore, Petitioner request his release from the restraints and custody of the Respondent who is being detained illegally in violation of the Speedy Trial 30 Day Arrest to Indictment Clause pursuant to 18 U.S.C 3161(b)

## CERTIFICATE OF SERVICE

I, Anthony Starr Reg.#07684-007, certify that a copy of this 28 U.S.C 2241 Petition was mailed postage prepaid to the Office of The United States Attorney, Rm 1161, Fed. Bldg. 228 Walnut, Street Harrisburg, Pa 17108, on this

_____*17*_____ day of *November* 2007

Respectfully Submitted

*Anthony Starr*

Anthony Starr, Reg#07684-007
FCI Allenwood P.O. Box 2000
White Deer, Pa 17887

Copy sent to:
Clerk of the Court for the U.S. District Court
for the Middle District Of Pennsylvania, U.S. Courthouse
P.O. Box 1148,235 N. Washing Avenue, Scranton, Pa 18501-1148

5

## UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**FILED**
HARRISBURG, PA

ANTHONY STARR #07684-007          :
FCI ALLENWOOD P.O. BOX 2000
WHITE DEER, PA 17887              :
        PETITIONER
                     :

NOV 3 0 2007

MARY E. D'ANDREA, CLERK
Per_____
        Deputy Clerk

     vs                           :          CIVIL NO._____

                     :

WARDEN D.J. EBBERT               :
FCI ALLENWOOD P.O. BOX 2000
WHITE DEER, PA 17887            :
         RESPONDENT
                     :

## WRIT OF HABEAS CORPUS TITLE 28 U.S.C. 2241 MOTION FOR IMMEDIATE RELEASE AND REMOVAL FROM THE RESTRAINTS AND CUSTODY OF THE RESPONDENT WITH MEMO-RANDUM IN SUPPORT

      Comes now, Petitioner, Anthony Starr, acting herein,
Pro-Se (hereinafter) referred to as "Petitioner" and pursuant
to Title 28 U.S.C. Code, Section 2241 respectfully request of
this Honorable Court to grant his removal and immediate release
from the custody and restraints of Respondent, Warden D.J. Ebbert.

      Petitioner's grounds are as follows:

### Background

      On January 23, 1992, Petitioner plead guilty in Criminal
Case F6443-91 before the Honorable Judge Scott of the Superior
Court for the District of Columbia, Washington, D.C. and was
sentenced to _5_-_15_ years. On Novmeber 29, 2005 Petitioner violated
parole and was given 12 months by USPC. Petitioner was transfered to
FDC Philadelahia and then to FCI Allenwood.

On August 8, 2006 Petitioner was released on parole from FCI Allenwood to the Community Corrections Center/Halfway House in Washington, D.C., on October 21, 2006 Petitioner walked away from the halfway house which is considered a prison breach under 22 D.C. Code, Section 2601(a)(1), and not an escape.

May 9, 2007 Petitioner was arrested and detained at D.C. Jail where he remained for a three(3) weeks.

May 30, 2007 Petitioner was transfered to FCI Allenwood.

October 18, 2007 a bench warrant  was issued against this writer by the D.C. Superior Court for leaving the Community Correctional Center/Halfway House which is consider a prison breach,but was printed as an escape under 22 D.C. Code, Section 2601(a)(1). see:(Exhibit-1)

On November 01, 2007 Petitioner signed the document titled Interstate Agreement Detainer Act (IADA) upon being coerced by FCI Allenwood prison officals.

**PETITIONER IS CONTESTING THE CUSTODY, RESTRAINTS AND MANNER OF HIS DETENTION UPON BEING ARRESTED FOR PRISON BREACH UNDER 22 D.C. CODE, SECTION 2601(a)(1)**
**PETITIONER WAS DENIED HIS DUE PROCESS RIGHTS TO SPEEDY TRIAL 30 DAYS ARREST TO INDICTMENT CLAUSE IN VIOLATION OF 18 U.S.C. 3161(b) FOR OVER FIVE(5) MONTHS**

Petitioner states that he left the Community Correctional Center/Halfway House in Washington, D.C. on October 21, 2006 and was later apprehended on May 9, 2007 and detained at the D.C. Jail which is considered a prison breach under D.C. Code Section 2601(a)(1).

Petitioner states that the indictment which was wrongly brought as an escape was issued 5 months passed the speedy trial,30 day arrest to indictment clause in violation of **18 U.S.C.3161(b)**

(2)

Which states; any information or indictment charging an individual with commission of an offense shall be filed within thirty(30) days from the date on which such individual was arrested or served with summons in connection with such charge(s). **shall be dismissed**

Petitioner states that once he was arrested on May 9, 2007 he was entitled to be served upon by the U.S. Marshal Service in Washington, D.C. However after more than five(5) months had passed, the indictment that was issued by D.C. Superior Court was sent to the U.S. Marshal Service in Pennsylvania two states away from Washington, D.C. which proves that the indictment was served well passed the 30 day arrest to indictment clause which is why the U.S. Marshal Service in Washington, D.C. never informed or presented an indictment to bring Petitioner back on the new charge.

Upon being arrested and detained on May 9, 2007, Petitioner was denied his Due Process Rights to the Speedy Trial 30 Day Arrest to Indictment Clause for over five(5) months upon being indicted for an escape which in fact is considered a prison breach under 22 D.C. Code, Section 2601(a)(1). Thus, Petitioner request of this Honorable Court to remove him from the restraints and custody of Respondent and dismiss the indictment. Wherefore, Petitioner request his release from the restraints and custody of the Respondent who is being detained illegally in violation of the Speedy Trial 30 Day Arrest to Indictment Clause pursuant to 18 U.S.C 3161(b)

## CERTIFICATE OF SERVICE

I, Anthony Starr Reg.#07684-007, certify that a copy of this 28 U.S.C 2241 Petition was mailed postage prepaid to the Office of The United States Attorney, Rm 1161, Fed. Bldg. 228 Walnut, Street Harrisburg, Pa 17108, on this

_____*17*_____ day of *November* 2007

Respectfully Submitted

*Anthony Starr*

Anthony Starr, Reg#07684-007
FCI Allenwood P.O. Box 2000
White Deer, Pa 17887

Copy sent to:
Clerk of the Court for the U.S. District Court
for the Middle District Of Pennsylvania, U.S. Courthouse
P.O. Box 1148,235 N. Washing Avenue, Scranton, Pa 18501-1148

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

P. O. BOX 1148
SCRANTON, PA   18501

November 30, 2007

Anthony Starr
FCI Allenwood
P.O. Box 2000
White Deer, PA 17887

RE:    1:CV-07-2180              Starr vs. Ebbert
                                Judge Rambo


Dear Sir/Madam:

Receipt is acknowledged of the document noted at the foot of this letter, subject as captioned above.

The matter has been forwarded to the Court for consideration.

                    Very truly yours,

                    MARY E. D'ANDREA, CLERK



                    By: Jill Cardile
                        Deputy Clerk

[ X ] Petition for Writ of Habeas Corpus        [   ] Complaint

[   ] Transfer From Other District              [   ] Other

NOTE:   Please be advised that in order for service to be made, a U.S. Marshal Form 285 (form enclosed) must be completed for each named defendant and returned to the Clerk's Office at the above address.  Additional forms are available at the prison library or the U.S. Marshal's Office. (This does not apply to Petitions for Writ of Habeas Corpus.)

Enclosed:   Notice of Consent regarding Magistrate Referral.

3:07-CV-2180

Court Name: Pennsylvania Middle
Division: 3
Receipt Number: 333004176
Cashier ID: tscott
Transaction Date: 12/03/2007
Payer Name: THERESA MOSES
-------------------------------
WRIT OF HABEAS CORPUS
 For: ANTHONY STARR
 Amount:        $5.00
-------------------------------
MONEY ORDER
 Check/Money Order Num: 763200606
 Amt Tendered: $5.00
-------------------------------
Total Due:    $5.00
Total Tendered: $5.00
Change Amt:   $0.00

Only when bank clears the check or
verifies credit of funds is the fee
or debit officially paid or
discharged. A $45.00 fee will be
charged for returned checks.

FILED
SCRANTON

DEC 03 2007

PER _____
      DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANTHONY STARR, | : | CIVIL ACTION NO. **1:CV-07-2180** |
| | : | |
| Petitioner | : | (Judge Rambo) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| WARDEN D. J. EBBERT, | : | |
| | : | |
| Respondent | : | |

## ORDER

Petitioner has incorrectly filed his Habeas Petition pursuant to 28 U.S.C. § 2241. The Clerk of Court has incorrectly docketed the Habeas Petition as pursuant to 28 U.S.C. § 2241. The instant Habeas Petition is filed pursuant to § 2254 and not § 2241, since Petitioner is a District of Columbia ("D.C.") convicted inmate confined in a federal prison challenging his D.C. conviction. *See De Vaughn v. Dodrill*, Appeal No. 03-4162, (3d Cir. 8-23-05), slip op. p. 3 (Non-Precedential) ("For purposes of the federal habeas corpus statute, the Superior Court of the District of Columbia is a 'State court.'")(citation omitted).

AND NOW, this _10_ day of **December, 2007, IT IS HEREBY ORDERED THAT** the Clerk of Court shall correct the docket to reflect that this Habeas Corpus Petition is filed pursuant to 28 U.S.C. § 2254.

**THOMAS M. BLEWITT**
**United States Magistrate Judge**

FILED
SCRANTON

DEC 1 0 2007

Dated: December 0, 2007

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ANTHONY STARR,                          :        CIVIL ACTION NO. **1:CV-07-2180**
                                        :
       Petitioner              :        (Judge Rambo)
                                        :
    v.                              :        (Magistrate Judge Blewitt)
                                        :
WARDEN D. J. EBBERT,                    :
                                        :
       Respondent             :

## <u>NOTICE</u>

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing

Report and Recommendation dated **December 11, 2007.**

Any party may obtain a review of the Report and Recommendation pursuant to

Rule 72.3, which provides:

Any party may object to a magistrate judge's proposed findings,
recommendations or report addressing a motion or matter described in
28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the
disposition of a prisoner case or a habeas corpus petition within ten (10)
days after being served with a copy thereof.  Such party shall file
with the clerk of court, and serve on the magistrate judge and all
parties, written objections which shall specifically identify the
portions of the proposed findings, recommendations or report to which
objection is made and the basis for such objections.  The briefing
requirements set forth in Local Rule 72.2 shall apply.  A judge shall
make a *de novo* determination of those portions of the report or
specified proposed findings or recommendations to which objection
is made and may accept, reject, or modify, in whole or in part, the findings
or recommendations made by the magistrate judge.  The judge, however,
need conduct a new hearing only in his or her discretion or where
required by law, and may consider the record developed before the

6

magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

<u>s/ Thomas M. Blewitt</u>
**THOMAS M. BLEWITT**
**United States Magistrate Judge**

**Dated: December 11, 2007**

7

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANTHONY STARR, | : | CIVIL ACTION NO. **1:CV-07-2180** |
| | : | |
| Petitioner | : | (Judge Rambo) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| WARDEN D. J. EBBERT, | : | |
| | : | |
| Respondent | : | |

## REPORT AND RECOMMENDATION

### I. Background.

Petitioner, Anthony Starr, an inmate at the Federal Correctional Institution at Allenwood, White Deer, Pennsylvania ("FCI-Allenwood") filed, *pro se*, the instant Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, on November 30, 2007. (Doc. 1).[1] Petitioner paid the filing fee. (Doc. 5). Petitioner has also filed a Motion for Immediate Release and Removal from the Restraints and a Brief in support thereof, with an attached Exhibit. (Docs. 2 and 3, respectively).[2]

We now give preliminary consideration to the Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the U.S. District Courts, 28 U.S.C. foll. § 2254 (1977) (applicable

---

[1] Petitioner incorrectly indicated that his Habeas Petition was filed pursuant to 28 U.S.C. § 2241. (Doc. 2, p. 1). However, the Petition should have been filed pursuant to § 2254 and not § 2241, since Petitioner is challenging his escape indictment issued in the District of Columbia ("D.C.") Superior Court. Thus, Petitioner is confined in a federal prison challenging his D.C. indictment. *See De Vaughn v. Dodrill*, Appeal No. 03-4162, (3d Cir. 8-23-05), slip op. p. 3 (Non-Precedential) ("For purposes of the federal habeas corpus statute, the Superior Court of the District of Columbia is a 'State court.'")(citation omitted). Since Petitioner Starr is challenging the validity of his D.C. conviction, he must rely upon § 2254. We shall issue a separate Order directing the Clerk of Court to correct the docket accordingly.

[2] Petitioner's Motion for Immediate Release with supporting Memorandum consists of one document, but it was docketed as Docs. 2 and 3. We simply refer to this filing as Doc. 2.

to § 2241 petitions under Rule 1 (b)). *See Patton v. Fenton*, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979).

**II. Discussion.**

Petitioner details the background of his habeas petition as follows:

> On January 23, 1992, Petitioner plead guilty in Criminal Case F6443-91 before the Honorable Judge Scott of the Superior Court for the District of Columbia, Washington, D.C. and was sentenced to 5 - 15 years. On November 29, 2005 Petitioner violated parole and was given 12 months by USPC. Petitioner was transferred to FDC Philadelphia and then to FCI Allenwood. On August 8, 2006 Petitioner was released on parole from FCI Allenwood to the Community Corrections Center/Halfway House [CCC] in Washington, D.C., on October 21, 2006 Petitioner walked away from the halfway house which is considered a prison breach under 22 D.C. Code, Section 2601(a)(1), and not an escape.

> May 9, 2007 Petitioner was arrested and detained at D.C. Jail where he remained for a three (3) weeks.

> May 30, 2007 Petitioner was transferred to FCI Allenwood.

> October 18, 2007 a bench warrant was issued against this writer [Petitioner] by the D.C. Superior Court for leaving the Community Correctional Center/Halfway House which is consider (sic) a prison breach but was printed as an escape under 22 D.C. Code, Section 2601(a)(1). see: (Exhibit - 1).

> On November 01, 2007 Petitioner signed the document titled Interstate Agreement Detainer Act (IADA) upon being coerced by FCI Allenwood prison officials.

(Doc. 2, pp. 1-2).

Petitioner states that he is challenging the manner of his detention after he left the CCC and his subsequent erroneous arrest for escape under 22 D.C. Code §2601(a)(1), and he claims that his due process rights were violated since he was deprived his right to a speedy trial with respect to the

2

D.C. Code escape charge. (Doc. 2, p. 2). Petitioner states that he was arrested on the D.C. Superior Court escape indictment on May 9, 2007, more than five months after the D.C. Superior Court issued the indictment. (*Id.*, p. 3). Petitioner also seems to claim that his departure from the CCC should have been treated as a prison break and not a charge in an indictment for escape. Petitioner requests this Court to release him from his current detention and to dismiss the D.C. Superior Court escape indictment. (*Id.*).[3]

Petitioner is challenging his D.C. Superior Court pending indictment which is in the jurisdiction of the United States District Court for the District of Columbia. All records of Petitioner's indictment are with the D.C. Superior Court, and all witnesses and counsel are located there, notwithstanding this Court's jurisdiction over Petitioner's § 2254 habeas case.[4]

Petitioner requests this Court to dismiss his pending escape indictment which was filed in the D.C. Superior Court. Petitioner's present challenge to his D.C. Superior Court escape indictment should be heard in the District of Columbia District Court or in the D.C. Superior Court. Therefore, for the convenience of the parties and in the interest of justice, this case should be transferred to the United States District Court for the District of Columbia. We find no prejudice to Petitioner, since Respondent has not yet been served with Petitioner's Habeas Petition. The United States District Court for the District of Columbia is more familiar with the D.C. State Court

---

[3]Petitioner has attached a copy of the November 1, 2007 detainer issued against him by the government pursuant to the D.C. Superior Court's arrest warrant filed against him with respect to his pending escape indictment. (Doc. 2, Ex. 1).

[4]Petitioner correctly names the Warden of FCI-Allenwood as the Respondent since the Warden has custody over Petitioner. *See* 28 U.S.C. §2242 and § 2243.

3

procedural requirements and applicable rules with respect to the D.C. Superior Court escape indictment issued against Petitioner. Further, since Petitioner's arrest indictment is still pending, he can file an appropriate motion with the D.C. Superior Court regarding his present due process claim and request to dismiss the indictment.

D.C. Code offenders are considered state prisoners for purposes of the federal habeas statutes. As Judge Nealon stated in his recent January 2, 2007 Order, in *Johnson v. Miner*, Civil no. 06-2309, M.D. Pa., Slip Op. p. 4:

> Johnson [an inmate at USP-Allenwood] is challenging a
> District of Columbia Superior Court conviction, which is in the
> jurisdiction of the United States District Court for the District of
> Columbia. All records of conviction, transcripts of proceedings,
> witnesses, counsel, and conviction records are located within the
> District of Columbia. Thus, for the convenience of the parties and
> in the interests of justice, the action will be transferred to the United
> States District Court for the District of Columbia.

*See also Graham v. Miner*, Civil No. 05-719, M.D. Pa.; *Tyree v. Lindsay*, Civil No. 06-112, M.D. Pa.

**III. Recommendation.**

Based on the foregoing, it is respectfully recommended that Petitioner's § 2254 habeas case be transferred to the United States District Court of the District of Columbia for the convenience of the parties and in the interest of justice. *See Johnson v. Miner*, 3:CV-06-2309, *slip op*. (M.D. Pa., Jan. 3, 2007) (J. Nealon); *Reynolds v. Miner*, 3:CV-06-2160, *slip op*. (M.D. Pa. Dec. 5, 2006) (J.

4

Nealon); *Resper v. Miner*, 3:CV-06-2253, *slip op.* (M.D. Pa., Dec. 5, 2006) (J. Nealon); *Graham v. Smith*, 3:CV-05-0719, *slip op.* (M.D. Pa. Jan. 4, 2006) (J. Kosik); *Tyree v. Lindsay*, Civil No. 06-112, M.D. Pa.


s/ Thomas M. Blewitt
**THOMAS M. BLEWITT**
**United States Magistrate Judge**

Dated: December 11, 2007

5

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

_ANTHONY STARR_

v.

_WARDEN D.J. EBBERT_

Civil Action No. **08 0084**

**⌐JAN 16 2008**

The above entitled action, transferred from the U.S. District Court for the _MIDDLE_ _DISTRICT OF PENNSYLVANIA_____, has been received and filed. It was assigned to Judge ___**BATES, J. JDB**___ Any subsequent pleadings filed must contain both our civil action number and the initials of the judge assigned this action.

To assist the Clerk's Office in properly recording all counsel of record and to ensure that each counsel entered is authorized to practice before this Court pursuant to Local Civil Rule 83.8, counsel for all parties must enter their appearance in accordance with our Local Civil Rule 83.6. Timely compliance with this requirement will enable the Clerk's Office to ensure prompt delivery of notices and orders.

NANCY MAYER-WHITTINGTON, CLERK

By _Maureen Higgins_
Deputy Clerk

cc: _ANTHONY STARR_

**\*Denotes attorney not a member of the bar of the U.S. District Court for the District of Columbia**