**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **ANTHONY STARR,** | : | |
| **Petitioner** | : | **Civil Action No. 08-0084 (JDB)** |
| | : | |
| **v.** | : | |
| | : | |
| **WARDEN D. J. EBBERT,** | : | |
| **Respondent** | : | |

**UNITED STATES' MOTION TO DISMISS PETITIONER'S**
**PETITION FOR A WRIT OF HABEAS CORPUS**

The United States of America, by and through its attorney, the United States Attorney for

the District of Columbia, respectfully files its motion to dismiss the petitioner's <u>pro se</u> petition

for a writ of habeas corpus.[1]  In support of his petition for a writ of habeas corpus, the petitioner

challenges the validity of a detainer based on a warrant issued after the petitioner was indicted for

escape in the Superior Court of the District of Columbia Case No. 2007 CF2 024376 and asserts

that his right to a speedy trial has been violated because of a delay in the indictment and trial in

this case.  Because the defendant recently has been convicted and, in fact, completed his sentence

in 2007 CF2 024376, the petitioner's petition for a writ of habeas corpus should be dismissed as

moot because he has now obtained the relief he sought in his habeas petition.

**BRIEF PROCEDURAL HISTORY**

On January 23, 1992, the petitioner, Anthony M. Starr, was sentenced in Superior Court

Case No. F6443-91 to a term of imprisonment of five to fifteen years for committing the crime of

---

[1]The petitioner filed his habeas petition on November 30, 2007 in the U.S. District Court for the Middle District of Pennsylvania.  On January 10, 2008, the U.S. District Court for the Middle District of Pennsylvania transferred the petition to the U.S. District Court for the District of Columbia.

possession of a firearm during a crime of violence or dangerous offense.  See Exhibit A

(Judgment and Commitment Order for F6443-91).  On January 29, 1992, the petitioner was

sentenced in Superior Court Case No. M11390-91 to a term of imprisonment of six months, to

run consecutive to his sentence in F6443-91, for a Bail Reform Act violation.  See Exhibit B

(Judgment and Commitment Order for M11390-91).  The petitioner was initially paroled on

October 3, 2001, and his parole was revoked on April 29, 2002.  The petitioner was re-paroled on

March 22, 2005, and was to remain under parole supervision until May 6, 2007, his full-term

sentence date. See Exhibit C (Certificate of Parole).

On November 9, 2005, the U.S. Parole Commission ("the Commission") issued a parole

violator warrant charging the petitioner with violating the conditions of his parole by using

dangerous and habit-forming drugs, failing to submit to drug testing and violating a special

condition of drug aftercare.  See Exhibit D (Warrant Application) and Exhibit E (Warrant).  The

parole violator warrant was executed on November 30, 2005.  See Exhibit E at p. 2 and Exhibit F

(Memorandum).  The petitioner received his probable cause hearing on December 2, 2005, at

which time the petitioner accepted an expedited revocation proposal from the Commission.  See

Exhibit G (D.C. Probable Cause Hearing Digest) and Exhibit H (Advanced Consent to Expedited

Revocation Decision).  On January 6, 2006, pursuant to the terms of the expedited revocation

agreement, the Commission revoked the petitioner's parole, forfeited any time he had spent on

parole, and established a presumptive parole date of November 29, 2006, after the service of 12

months.  See Exhibit I (Notice of Action).

In anticipation of being paroled on November 29, 2006, the petitioner was transferred to a

community corrections center in the District of Columbia.  On October 13, 2006, the petitioner

escaped from the Shaw II Community Corrections Center and he was placed in escape status. See Exhibit J (Letter dated October 23, 2006). On November 1, 2006, the Commission retarded the petitioner's parole date due to his escape from custody. See Exhibit K (Notice of Action). The petitioner was taken into custody on May 10, 2007.

On October 17, 2007, the petitioner was indicted for escape in Superior Court Case No. 2007 CF2 024376 and a warrant was issued. See Exhibit L (Docket Entries for 2007 CF2 024376). A detainer based on this warrant, which is the subject of the instant petition, was lodged against the petitioner on November 1, 2007. See Exhibit M (Detainer). On November 1, 2007, the petitioner asserted his right to a speedy trial under the Interstate Agreement on Detainers ("IAD"). Id.[2]  On February 22, 2008, the petitioner was paroled in F6443-91 and the petitioner was brought back to the District of Columbia, at which time the warrant was quashed on February 25, 2008. See Exhibit L and Exhibit N (BOP Sentence Monitoring Computation Data).

The petitioner pled guilty to attempted prison breach on March 14, 2008, in 2007 CF2 024376 and was sentenced on April 25, 2008, to a term of imprisonment of 60 days, followed by

---

[2]The Interstate Agreement on Detainers ("IAD") is an interstate compact entered into by the United States and participating states, including the District of Columbia. The IAD "establishes procedures for the transfer of a person who has entered upon a term of imprisonment from one jurisdiction to another jurisdiction for the disposition of a pending untried indictment, information or complaint." Felix v. United States, 508 A.2d 101, 103 (D.C. 1986); D.C. Code § 24-802. When a defendant, who is serving a sentence, and has a detainer based on a pending untried indictment, information, or complaint, makes a demand for a speedy disposition of the outstanding charges, the defendant must be brought to trial within one hundred and eighty days. D.C. Code § 24-801 Art. III(a). Therefore, one of the purposes of the IAD is to expedite the "delivery of the prisoner to the receiving State" and to dispose of the untried charges "prior to the termination of [the] sentence in the sending State." Alabama v. Bozeman, 533 U.S. 146, 148 (2001).

a 60-day term of supervised release. See Exhibit L and Exhibit O (Judgment and Commitment Order for 2007 CF2 024376). On April 28, 2008, the petitioner completed service of his term of imprisonment in 2007 CF2 024376 was released to supervision. See Exhibit P (BOP Sentence Monitoring Computation Data). The petitioner is scheduled to complete his remaining term of parole supervision in F6443-91 on August 1, 2008. See Exhibit N at p. 5 and Exhibit Q (Certificate of Mandatory Parole or Mandatory Release).

## ARGUMENT

The petitioner's demand that the detainer be lifted and for a speedy disposition of his escape indictment in 2007 CF2 024376 is without merit because he has now been convicted in this case and, in addition, has actually completed service of his sentence. Given that he has completed service of his sentence in 2007 CF2 024376, the petitioner's habeas petition should be dismissed as moot.

Under Article III of the U.S. Constitution, a federal court only has the power to resolve "Cases" or "Controversies" between litigants. Isenbarger v. Farmer, 463 F. Supp. 2d 13, 19 (D.D.C. 2006). As the Court recounted in Isenbarger:

> A case is considered moot either "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Powell v. McCormack, 395 U.S. 486, 496, 89 S. Ct.1944, 23 L.Ed.2d 491 (1969); see also Pharmachemie B.V. v. Barr Labs., 276 F.3d 627, 631 (D.C. Cir. 2002) (a case is moot if events have so transpired that the decision will neither presently affect the parties' rights nor have a more-than-speculative chance of affecting them in the future"). As the Supreme Court has put it "mootness deprives us of the power to act; there is nothing for us to remedy, even if we were disposed to do so." Spencer v Kemna, 523 U.S. 1, 18, 118 S. Ct. 978, 140 L.Ed.2d 43 (1998).

Id. at p. 22. Counsel have a duty to advise the Court "without delay" of facts that raise the possibility that a case has become moot. Arizonans for Official English v. Arizona, 520 U.S. 43,

-4-

68, n.23 (1997). The petitioner's conviction on April 25, 2008, (and completion of his sentence)
in 2007 CF2 024376 constitutes a fact that causes the present controversy before the Court to be
moot.

The petitioner's habeas petition seeks his release based on alleged improprieties
concerning the detainer based on a warrant arising out his escape and the purported delay in the
prosecution in 2007 CF2 024376. However, given the petitioner's recent conviction and
completion of his sentence in 2007 CF2 024376, any order directed to the respondent concerning
the petitioner will have no effect on his present status. A habeas petition challenging detention
becomes moot when a petitioner is released from custody, including on parole, unless there are
actual adverse consequences caused by the Commission's finding, which the petitioner has not
demonstrated in this case. See Phifer v. Clark, 115 F.3d 496, 500 (7th Cir. 1997) (petitioner must
demonstrate non-speculative adverse consequences stemming from Commission action); cf.
Spencer v. Kemna, 523 U.S. 1, 14 (1998) (petitioner required to demonstrate actual adverse
collateral consequences to overcome mootness when petitioner had completed parole revocation
sentence). Because the petitioner's ultimate objective in bringing his habeas action was to obtain
release, the release of the petitioner on April 28, 2008, has provided the relief sought by the
petitioner and his petition is moot. See, e.g., Qassim v. Bush, 466 F.3d 1073, 1076 (D.C. Cir.
2006) (release of petitioners mooted habeas claim challenging detention at Guantanamo Bay
Naval facility); Abdussamadi v. Harris, 2003 WL 880993, *1 (D.C. Cir. 2003) (writ of
mandamus challenging Commission's parole eligibility date moot when petitioner was released
on parole); In Re Smith, 114 F.3d 1247, 1249 (D.C. Cir. 1997) ("request for habeas corpus relief
is moot as a result of [petitioner's] release from prison"); Hardesty v. Draper, 687 A.2d 1386,

1371 (D.C. 1997) (habeas action challenging confinement in mental institution held moot because petitioner had been released from institution); <u>Alonso-Martinez v. Meissner</u>, 697 F.2d 1160, 1165-66 (D.C. Cir. 1983) (petitioner's release from INS detention to parole made his habeas petition moot); <u>Banks v, Ferrell</u>, 411 A.2d 54, 56 (D.C. 1979) (prisoner's suit regarding D.C. Board of Parole procedures held moot by his transfer to the Bureau of Prisons and the subsequent parole grant from the U.S. Parole Commission); <u>Morton v. U.S. Parole Comm'n</u>, 2006 WL 314559 at *2 (D.D.C. Feb. 9, 2006) (petitioner's challenge to extended presumptive parole date moot because of petitioner's parole); <u>Kimberlin V. U.S. Parole Comm'n</u>, 2004 WL 885215 at *1 (D.D.C. April 22, 2004) (habeas petition challenging Commission's decision to revoke parole and delay reparole moot because petitioner had been reparoled).

Accordingly, because the petitioner has been released after completion of his sentence in 2007 CF2 024376, the United States respectfully requests that his petition for a writ of habeas corpus be dismissed as moot.[3]

---

[3]The petitioner's argument that the purported delay in the indictment and prosecution of the escape charge violated the Speedy Trial Act, the IAD statute, and the Constitution is without merit. The Speedy Trial Act, 18 U.S.C. § 3161, is inapposite because he was indicted on a local charge in Superior Court of the District of Columbia, not with a federal offense in U.S. District Court. There is no IAD violation because the petitioner entered his plea of guilty 4 ½ months after he made his IAD demand on November 1, 2007, well before the expiration of the 6 months required by the IAD statute. The petitioner's assertion of a violation of his speedy trial rights pursuant to the Sixth Amendment of the Constitution is belied by the fact that he was indicted 5 months after he was taken back into custody and pled guilty 5 months after his indictment. In any event, his due process challenge to his escape conviction was waived by the entry of his plea of guilty. <u>Tollett v. Henderson</u>, 411 U.S. 258, 267 (1973) ("When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea"); <u>see also</u> <u>United States v. Broce</u>, 488 U.S. 563, 569-74 (1989) (by pleading guilty, defendants forfeited right to raise a double jeopardy challenge to their convictions); <u>United States v. Fitzgerald</u>, 466 F.2d 377, 379 (D.C.Cir 1972) ("a voluntary plea of guilty waives all rights and defenses, known and unknown, present or future").

A proposed Order is attached.

Respectfully submitted,

JEFFERY A. TAYLOR
United States Attorney
D.C. Bar Number 498-610


   /s/ John P. Mannarino
JOHN P. MANNARINO
Assistant United States Attorney
Chief, Special Proceedings Division
D.C. Bar Number 444-384


   /s/ Sherri L. Berthrong
SHERRI L. BERTHRONG
Assistant United States Attorney
Special Proceedings Division
D.C. Bar No. 249-136
Sherri.Berthrong@usdoj.gov
555 4th Street, N.W., Room 10-450
Washington, D.C. 20530
(202) 514-6948

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the United States' Motion To Dismiss has been electronically filed with the Court and served by mail upon the petitioner, Anthony Starr, Fed. Reg. No. 07684-007, 460 Taylor Street, N.E. Apartment G-13, Washington, D.C., this 21th day of July, 2008.


   /s/ Sherri L. Berthrong
Sherri L. Berthrong
Assistant United States Attorney

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **ANTHONY STARR,** | : | |
| **Petitioner** | : | **Civil Case No. 08-0084 (JDB)** |
| | : | |
| **v.** | : | |
| | : | |
| **WARDEN D.J. EBBERT,** | : | |
| **Respondent** | : | |

<u>**ORDER**</u>

       Upon consideration of the Petitioner's Petition for a Writ of Habeas Corpus, the United

States' Motion to Dismiss Petitioner's Petition For a Writ of Habeas Corpus and for the reasons

stated in the United States' Motion to Dismiss, it is hereby

       **ORDERED** that the United States' Motion To Dismiss is **GRANTED**; Petitioner's

Petition For A Writ Of Habeas Corpus is **DISMISSED** as moot.

       **SO ORDERED** this _____ day of _____, 2008.

                                       _____

                                       John D. Bates
                                     U.S. District Court Judge

Copies:

Anthony Starr
460 Taylor Street, N.E.
Apartment G-13
Washington, D.C. 20081

Sherri L. Berthrong
Assistant United States Attorney
Special Proceedings Division
555 4th Street, N.W., Room 10-450
Washington, D.C.  20530

**EXHIBIT A**

_238.309_

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

United States of America
District of Columbia

vs.

_Anthony M. Starr_

Case No. _FY 743-91_
PDID No. _385-257_

YC #1      NJ 98

### JUDGMENT AND COMMITMENT/PROBATION ORDER

The above-named defendant having entered a plea of ☐ Not Guilty ☒ Guilty to the Charge(s) of _Possession of Firearm during Crime of Violence or Dangerous Offense_

and having been found guilty by ☐ Jury ☐ Court, it is hereby ORDERED that the defendant has been convicted of and is guilty of the offense(s) charged, and is hereby SENTENCED to _Not less than five years nor more than fifteen yrs. Court finds that the deft will not benefit from a youth sentence._

☒ MANDATORY MINIMUM term of _five yrs_ ☒ applies to the sentence imposed.

☐ MANDATORY MINIMUM term does not apply. _7-23-96_

☒ ORDERED that the defendant be committed to the custody of the Attorney General for imprisonment for the period imposed above.

☐ ORDERED that the defendant be committed to the custody of the Attorney General for treatment and supervision provided by the D.C. Department of Corrections pursuant to Title 24, Section 803[b] of the D.C. Code [Youth Rehabilitation Act 1985].

☐ ORDERED that the defendant be placed on probation in charge of the Director, Social Services Division, and it is further ORDERED that while on probation the defendant observe the following marked conditions of probation:

☐ Observe the general conditions of probation listed on the back of this order.

☐ Cooperate in seeking and accepting medical, psychological or psychiatric treatment in accordance with written notice from your Probation Officer.

☐ Treatment for ☐ alcohol problems ☐ drug dependency or abuse as follows:

☐ Restitution of $_____ in monthly installments of $_____ beginning _____ (see reverse side for payment instructions). The Court will distribute monies to _____

☐ _____

Costs in the aggregate amount of $ _20_ have been assessed under the Victims of Violent Crime Compensation Act of 1981, and ☐ have ☒ have not been paid.

ORDERED that the Clerk deliver a true copy of this order to appropriate authorized official(s) and that the copy shall serve as the commitment/order for the defendant.

_1/23/92_
Date

Judge

Certification by Clerk pursuant to Criminal Rule 32(d).

_1/23/92_
Date

Deputy Clerk

Exhibit A

**EXHIBIT B**

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

United States of America
District of Columbia

vs.

_Anthony Stant_

Case No. _M 4620-91_
PDID No. _385-85-7_

## JUDGMENT AND COMMITMENT/PROBATION ORDER

The above-named defendant having entered a plea of ☐ Not Guilty ☑ Guilty to the Charge(s) of _(A)_
_Bail Reform Act Violation_
and having been found guilty by ☐ Jury. ☑ Court, it is hereby ORDERED that the defendant has been
convicted of and is guilty of the offense(s) charged, and is hereby SENTENCED to _6 (six)_
_months consecutive to sentence served in_
_F 6443-91_
_____

☐ MANDATORY MINIMUM term of _____ applies to the sentence imposed.
☐ MANDATORY MINIMUM term does not apply.
☑ ORDERED that the defendant be committed to the custody of the Attorney General for imprisonment for
   the period imposed above.
☐ ORDERED that the defendant be committed to the custody of the Attorney General for treatment and super-
   vision provided by the D.C. Department of Corrections pursuant to Title 24, Section 803[b] of the D.C. Code
   [Youth Rehabilitation Act 1985].
☐ ORDERED that the defendant be placed on probation in charge of the Director, Social Services Division,
   and it is further ORDERED that while on probation the defendant observe the following marked conditions
   of probation:
   ☐ Observe the general conditions of probation listed on the back of this order.
   ☐ Cooperate in seeking and accepting medical, psychological or psychiatric treatment in accordance with
      written notice from your Probation Officer.
   ☐ Treatment for ☐ alcohol problems ☐ drug dependency or abuse as follows:
      _lifted 2/10/92 lifted 2/12/92_
   ☐ Restitution of $_____ in monthly installments of $_____ beginning
      _____ (see reverse side for payment instructions).  The Court
      will distribute monies to _____
   ☐ _____ _Received from Interim Medical_

Costs in the aggregate amount of $_____ have been assessed under the Victims of Violent Crime
Compensation Act of 1981, and ☐ have ☐ have not been paid.

ORDERED that the Clerk deliver a true copy of this order to appropriate authorized official(s) and that the
copy shall serve as the commitment/order for the defendant.

_1-29-92_
Date

_Frederick D. Dorsey_
Judge

Certification by Clerk pursuant to Criminal Rule 32(d).

_1-29-92_
Date

_Anthony C. Mann_
Deputy Clerk

Exhibit
8

**EXHIBIT C**



**U.S. Department of Justice**
**United States Parole Commission**

**CERTIFICATE OF PAROLE**
District of Columbia Offender

Having determined that (1) Starr, Anthony, Register No. 07684-007, (DCDC No. 238-309) (the "inmate") is eligible for parole; (2) there is a reasonable probability that the inmate will live and remain at liberty without violating the law; and (3) the inmate's release is not incompatible with the welfare of society, the United States Parole Commission (the "Commission") ORDERS that the inmate be paroled on March 22, 2005 and remain under parole supervision through May 6, 2007. The conditions listed in this certificate apply during the inmate's parole supervision.

Given under the hand and the seal of the Commission on February 18, 2005.

UNITED STATES PAROLE COMMISSION

_Gerald E. Bradford_

Notice and Hearings Correspondence Specialist

Docket/Case Number: FSAB-51701150001 I
Initial Risk Category: SFAC-51A

**Conditions**

I have read, or have had read to me, this CERTIFICATE OF PAROLE. I have received a copy of this CERTIFICATE OF PAROLE and the conditions that have been imposed upon me and understand that if I violate any of these conditions I may be sent back to prison.

**Consent to the Disclosure of Drug/Alcohol Treatment Information**

By signing this CERTIFICATE OF PAROLE, I consent to unrestricted communication between any facility administering a drug or alcohol treatment program in which I am, or will be, participating, on the one hand, and the Commission and the office responsible for supervising me, on the other hand. I consent to disclosure by such facility to the Commission and the office responsible for supervising me of any information requested relating to my supervision, and the disclosure by the Commission and the office supervising me to any agency that requires that information for the performance of an official duty. This consent is irrevocable until the end of parole supervision.

_Anthony STARR_     _Anthony Starr_     _238309_
_____     _____     _____
Name                                                              DCDC No.

Witnessed: _EMANEM BERNARD_  U     _3/22/05_
_____          _____
Name and Title                                    Date

The above-named inmate was released on the 22nd day of March, 2005 with a total of _____ days remaining to be served.

_Herb Brown_
_____
Official Certifying Release

Queued: 02-18-2005 12:02:46 BOP-Community Care Center |

Exhibit
C

**EXHIBIT D**

 

**U.S. DEPARTMENT OF JUSTICE**                          **WARRANT APPLICATION**
**UNITED STATES PAROLE COMMISSION**                      D.C. Code Offender

Name............................... Starr, Anthony

Reg. No .......................... **07684-007**          Date............................................**November 9, 2005**
DCDC No. ..................... **238-309**               Termination of Supervision .....**May 6, 2007**
FBI No .......................... **935958JA5**           [If Conviction Offense Before April 11, 1987 And
Birth Date ......................                         Offender Is On Mandatory Release, Termination
Race ............................... **Black**            Date Is 180 Days Prior To Full Term]
                                                          Violation Date .........................**March 22, 2005**
                                                          Released...................................**March 22, 2005**

Sentence Length ........... **15 years; 6 months (original term); 1900 days (violator term)**
Original Offense............ **Possession of a Firearm During Crime of Violence or Dangerous Offense; Bail
Reform Act**

If you have been arrested on a violator warrant in the District of Columbia and you have not been convicted of a new offense, you shall be given a probable cause hearing within five days of your arrest and violator warrant. Probable cause hearings are normally scheduled on Tuesdays and Fridays at the Central Detention Facility. The purpose of the probable cause hearing is to determine if there is probable cause to believe that you have violated the conditions of your release, and if so, whether to release you or hold you for a revocation hearing. If no probable cause is found, you will be released and either reinstated to supervision, or discharged from further supervision if your sentence has expired.

At your probable cause hearing and any subsequent revocation hearing you will be apprised of the information supporting the violation charges. You may present documentary evidence and voluntary witnesses on your behalf. If you deny the charge(s) against you, you may request the presence of those persons who have given information upon which the charges are based. Such adverse witnesses will be made available for questioning unless good cause is found for their non-appearance.

You may be represented by an attorney or, if you are unable to pay for such representation, an attorney will be appointed for you if you fill out and promptly return a request for representation to the hearing examiner.

If, after a revocation hearing, you are found to have violated the conditions of your release the Commission may: (1) restore you to supervision, and, if appropriate, (a) reprimand you; (b) modify your conditions of supervision; or (c) refer you to a residential community treatment center for the remainder of your sentence; or (2) revoke your parole, mandatory release, or supervised release in which case the Commission will also decide when to consider you for further release.

If the Commission revokes your parole, mandatory release, or supervised release you will not receive credit toward service of your sentence for time spent on parole/mandatory release/supervised release.

## CHARGES:

**Charge No. 1 - Use of Dangerous and Habit Forming Drugs.** Between 3-22-05 and 9-16-05, the releasee submitted 16 urine specimens which tested positive for Opiates. This charge is based on the information contained in the violation report dated 10-13-05 from supervising officer Aaron Germany and corresponding drug report dated 10-19-05
I ADMIT [  ] or DENY [  ] this charge.

---

**Starr, Anthony**
**Reg. No. 07684-007    DCDC No. 238-309**

Exhibit
D

 

**Charge No. 2 - Failure to Submit to Drug Testing.** Between 4-1-05 and 9-23-05, the releasee failed to submit urine specimens on 16 occasions. This charge is based on the information contained in the violation report dated 10-13-05 from supervising officer Aaron Germany.
**I ADMIT [ ] or DENY [ ] this charge.**

**Charge No. 3 - Violation of Special Condition (Drug Aftercare).** The releasee was discharged from the Next Step Treatment Program on 9-9-05 for continued drug usage. This charge is based on the information contained in the violation report dated 10-13-05 from supervising officer Aaron Germany and discharge summary dated 8-31-05.
**I ADMIT [ ] or DENY [ ] this charge.**


**Probable Cause Hearing Is Required**                    **Warrant Recommended By:**

Warrant Issued.................. November 9, 2005          *Rhonda A. Shelton*
                                                          **Rhonda A. Shelton, Case Analyst**
                                                          **U.S. Parole Commission**

Community Supervision Office Requesting Warrant:  **General Supervision Unit IX-Team 53, 1418 Good Hope Road**

---

**EXHIBIT E**

# W A R R A N T
## D.C. Code Offender

**U.S. Department of Justice**
**United States Parole Commission**

---

**To the U.S. Marshal or Any Federal or District of Columbia Officer Authorized to Serve Criminal Process Within the United States:**

WHEREAS, Starr, Anthony, Reg. No. 07684-007, DCDC No. 238-309, was sentenced by the Superior Court of the District of Columbia or the United States District Court to serve a sentence of 15 years; 6 months (original term); 1900 days (violator term) for the crime of Possession of a Firearm During Crime of Violence or Dangerous Offense; Bail Reform Act and was on March 22, 2005 released on parole from Community Care Center with 775 days remaining to be served;

AND, WHEREAS, reliable information has been presented to the undersigned Member of this Commission that said released prisoner named in this warrant has violated one or more conditions of his release;

NOW, THEREFORE, this is to command you by the authority of §§24-205, 24-131, and 24-133 of the District of Columbia Code, to execute this warrant by taking the above-named, wherever found in the United States, and hold him in your custody either until he is released by order of the Parole Commission, or until you are authorized to transport him for further custody.

WITNESS my hand and the seal on November 9, 2005

U.S. Parole Commissioner

---

**Starr, Anthony**
**Reg. No. 07684-007    DCDC No. 238-309**

Exhibit
E

**WARRANT For Return Of Prisoner Released To Supervision** 

Name:   **Starr, Anthony**                                    Institution:   Community Care Center
Reg. No. 07684-007                                            DCDC No.    238-309

### UNITED STATES MARSHAL'S RETURN TO UNITED STATES PAROLE COMMISSION

NOTE:  Do not execute this warrant if the subject is being held in custody on other federal, state or local charges, unless otherwise ordered by the Commission.  (See instructions on accompanying memorandum.)

_____ District of _*Columbia*_ _____ ss:

Received this writ the _15th_ day of _November_ , 20 _05_ , and executed same by arresting the within-named _Starr, Anthony_ _____
this _30th_ day of _november_ , 20 _05_
at _OC/DC_ and committing him to _DI Jail_

_____ _watch_ _____
U.S. Marshal

_____ _____
Deputy Marshal

Further executed same by committing him to _____
at _____ on _____ , 20 _____ , the institution designated by the Attorney General, with the copy of the warrant and warrant application.

_____
U.S. Marshal

_____
Deputy Marshal

NOTE:  The original of this warrant is to be returned to the U.S. Parole Commission, 5550 Friendship Boulevard, Chevy Chase, Maryland 20815.

### ACKNOWLEDGEMENT OF SERVICE:

I have received a copy of the warrant application dated _November 4th 2005_

_X Anthony Starr_ _____                                    _11/30/05_
Prisoner's Signature                                         Date

*(If prisoner refuses to sign. Marshal should so indicate.)*

**EXHIBIT F**

**Date:**        December 1, **2005**

# FYI        FYI        FYI        FYI        FYI

**TO:**        UNITED STATES PAROLE COMMISSION
Chevy Chase, Maryland 20815

**FROM:**        UNITED STATES MARSHALS SERVICE
Washington, D.C.  20001

**RE:**        **Warrant Executed**

**Subject: ANTHONY STARR**
**Registration NO:** 07684-007
**DCDC:** 238-309
**PDID:** 385-257

The above reference subject was processed on NOVEMBER 30, 2005, by the
USMS District of COLUMBIA, as a Parole Violator. He was committed to the
D.C. Department of Corrections and is in D.C. Jail awaiting further action by the
United States Parole Commission.

**RB**

Exhibit
F

**EXHIBIT G**

## D.C. PROBABLE CAUSE HEARING DIGEST

Name...........................: **Starr, Anthony**

Reg. No.........................: **07684-007**

Type of Release ............:**Parole**

Full Term Date When Warrant Issued..: **May 6, 2007**

Date Warrant Executed.: 11/30/05

Hearing Date........: 12/2/05

Examiner..............: P. HOWARD

Supervision Officer: **Aaron Germany**

## Attorney at Probable Cause Hearing:

[ ✓ ] PDS     [ ] Other     [ ] None

Name_____S. GRAY_____

Address_____

_____

_____

Phone_____

## Attorney Representing Subject at Revocation Hearing:

[ ✓ ] PDS     [ ] Other     [ ] Unknown

Name_____

Address_____Sam K_____

_____

Phone_____

## I. Items Advised *[Check that the subject has been advised of the following two rights]:*

[ ✓ ] Advised of Right to a Probable Cause Hearing     [ ✓ ] Advised of Right to Attorney

## II. Reason For Not Conducting Probable Cause Hearing

*{If Probable Cause Hearing not conducted, indicate the reason]:*

[ ] Postponed to Next Docket *[If so, provide reason for postponement and omit rest of form.]*

    [ ] At Request of Attorney/Prisoner     [ ] Prisoner Unavailable

    [ ] Other Reason:_____

[ ] Combined Probable Cause/Revocation Scheduled *[If so, skip to VI, Revocation Hearing.]*

---

**Starr, Anthony**
**Reg. No. 07684-007     DCDC No. 238-309**

Exhibit
6



## III. Review of Charges:

**Charge No. 1 - Use of Dangerous and Habit Forming Drugs**

[ ] ADMITS        [X] DENIES

The Subject's Response:      *NONE*

_____

_____

_____

_____

[ X ] **Probable Cause Found.** After considering the violation report dated 10-13-05, and the subject's response to the charge at this hearing, the evidence supporting the charge is sufficiently specific and credible for the existence of probable cause for Charge No. 1. Additional reasons for probable cause finding:

_____

_____

_____

[ ] **No Probable Cause Found**

_____

**Charge No. 2 - Failure to Submit to Drug Testing**

[ ] ADMITS        [X] DENIES

The Subject's Response:      *NONE*

_____

_____

_____

_____

[ X ] **Probable Cause Found.** After considering the violation report dated 10-13-05, and the subject's response to the charge at this hearing, the evidence supporting the charge is sufficiently specific and credible for the existence of probable cause for Charge No. 2. Additional reasons for probable cause finding:

_____

**Starr, Anthony**
**Reg. No. 07684-007    DCDC No. 238-309**

[  ] No Probable Cause Found

**Charge No. 3 - Violation of Special Condition (Drug Aftercare).**

[  ] ADMITS        [ ✓ ] DENIES
The Subject's Response:

n Do d E

[ ✓ ] **Probable Cause Found**. After considering the violation report dated 10-13-05, and the subject's response to the charge at this hearing, the evidence supporting the charge is sufficiently specific and credible for the existence of probable cause for Charge No. 3. Additional reasons for probable cause finding:

[  ] No Probable Cause Found

**IV. Additional Charges:**

Starr, Anthony
Reg. No. 07684-007    DCDC No. 238-309

## V. Outcome of Probable Cause Hearing:

[ X ] **Probable Cause Found** on one or more charges, **Hold in Custody** pending revocation hearing.

[   ] **No Probable Cause Found** for any charge. **Discharge from Custody** immediately and

   [   ] **Reinstate** to Supervision or [   ] **Close Case** *(If expiration date has passed)*

[   ] **Probable Cause Found** on one or more charges. Recommend **Reinstate to Supervision** and

   [   ] **Summon** to revocation hearing or [   ] **Terminate** revocation proceedings

Reason for Release/Summons:_____

_____

## VI. Principal Adverse Witnesses Identified by the Commission:

Note to Subject: This is the time to request the attendance of an adverse witness (including an adverse witness identified by the Commission or an examiner on this form). Your failure to make a request for the attendance of any adverse witness is a waiver of your opportunity to confront and cross-examine that witness at a revocation hearing.

Supervision Officer
Name: Aaron Germany
Status: __✓__ Approved        _____ Not Approved        _____ Pending Further Review

## VII. Adverse Witnesses Requested by Subject:

Name:_____

Address:_____

Phone No._____

Status: [   ] Denied at PC Hearing    [   ] Approved at PC Hearing    [   ] Pending Further Review

Reason for Denial:_____

_____

_____

Name:_____

_____

Address:_____

Phone No._____

Status: [   ] Denied at PC Hearing    [   ] Approved at PC Hearing    [   ] Pending Further Review

Reason for Denial:_____

_____

_____

Name:_____

Address:_____

Phone No._____

Status: [   ] Denied at PC Hearing    [   ] Approved at PC Hearing    [   ] Pending Further Review

Reason for Denial:_____

_____

**VIII. Adverse Witnesses Identified by Examiner But Not Requested by Subject:**

Name:_____

Address:_____

Phone No._____

Reason for Denial:_____

_____

_____

Name:_____

Address:_____

Phone No._____

Reason for Denial:_____

_____

_____

 

## IX.    Revocation Hearing:

[X] Local Revocation **or**        [ ] Combined Probable Cause/Local Revocation on:

Location: [ ] CTF  [ ] DC Jail    **Date:** _1/3 0/ 06_    **Time:** [ ] am  [X] pm

[ ] Other at _____

_____

[ ] Recommend institutional revocation hearing upon transfer to a federal institution.

**Note:  A continuance must be requested in writing.  You may submit your requests via e-mail.  E-Mail Address:  continue.hearing@usdoj.gov**

**May Qualify for an Expedited Offer:**    [ ] No   [X] Yes  (If yes, please have releasee sign below)

If the Commission approves a proposal of expedited revocation, I waive the 20-day waiting period for the submission of comments.        [ ] No   [X] Yes

_____            _12-2-05_
                 Attorney/Prisoner                               Date

_Additional Text:_

_____            _12/2/05_
                     Examiner                                    Date

**Disclosure Documents:**  Warrant dated 11-9-05, Warrant Application dated 11-9-05, Supplemental Warrant Application dated  (only if applicable), Violation Report dated 10-13-05 with attachments, Parole Certificate dated 2-18-05, Pre-Sentence Report

**I acknowledge having received the above disclosure documents and a copy of this document.**

_____            _12-2-05_
                 Attorney/Prisoner                               Date

**Starr, Anthony**
**Reg. No. 07684-007    DCDC No. 238-309**

**EXHIBIT H**

Option A

## ADVANCED CONSENT TO EXPEDITED REVOCATION DECISION

### Bottom of Guidelines

I, *Anthony Starr*, Register No. *07684 - 007*, agree to an **EXPEDITED REVOCATION DECISION** as described below. I understand that the Commission is not obligated to render an Expedited Decision in my case. I also understand my consent does not constitute an enforceable agreement with respect to any action the Commission is authorized to take by law or regulation. By executing this form, I am advising the Commission, in advance of any possible offer, that I will accept the Expedited Decision described below. I understand if the Commission does not approve the examiner's recommendation for an Expedited Decision, I will be granted an in-person revocation hearing. I understand, therefore, by consenting to accept an Expedited Decision, I have not waived my right to a local revocation hearing (provided I qualify for such a hearing under Commission Rules and Procedures).

My Revocation Offense Severity has been tentatively determined as a Category One or Two. I also understand if I have committed disciplinary infractions or new criminal conduct, during any period of confinement that is credited toward my guidelines, the Commission may include rescission guidelines specified in 28 C.F.R. §2.36 in the Expedited Decision guideline range.

I understand, because it is not possible to compute my Salient Factor Score at the Probable Cause Hearing, the Commission will determine my guidelines at a later time.

I understand I cannot appeal the Expedited Decision provided in the Notice of Action issued as a result of my consent. If, however, I believe that the Commission has erred in determining the (1) Salient Factor Score, (2) Total Guideline Range, (3) credit toward the guideline range or (4) added release conditions, after I signed this advanced consent to an Expedited Decision, I may request that the Commission amend its decision.

Exhibit
H

Option A

Notwithstanding the undetermined guidelines, I agree to accept the Expedited Decision to revoke my parole/mandatory release/supervised release and forfeit all time spent on parole or mandatory release. I also agree to a parole date/term of imprisonment that will require me to serve no greater than the bottom of my guideline range.  If, however, the bottom of my guideline range is 0 months, I agree to a parole date/term of imprisonment that will require me to serve at least 2 but not more than 5 months.

I also agree to accept the following special conditions:

*Drug Aftercare*

_____

Alleged Violator: *Anthony Stark*      *07684-007*
                    *Print Name*             *Register No.*

X *Anthony Stark* _____
               *Signature*                *Date*

Attorney: _____ *12-2-05*
               *Signature*                *Date*

USPC Examiner: *Paul R. A. Howard* *10/2/05*
               *Signature*                *Date*



## ADVANCED CONSENT EXPEDITED REVOCATION
## ORDER

**Name:**      **Starr, Anthony**

**Reg. No:**    **07684-007**                        **DCDC No:**   **238-309**

**Institution:**  **D.C. Central Detention Facility**

Revoke parole.  None of the time spent on supervision shall be credited.  Parole effective on November 29, 2006 after the service of 12 months.

<u>NOTE</u>:  Pursuant to 28 C.F.R. §2.82, your parole effective date is contingent upon approval of your release plan by the Commission.  Your release plan will be investigated by the D.C. Court Services and Offender Supervision Agency (CSOSA), which will submit a report to the Commission before a parole certificate can be delivered.

After review of all relevant factors and information presented, a decision a departure from the guidelines at this consideration is not found warranted.

**The following special conditions shall apply:**

Special Drug Aftercare Condition.

---

✓ **Approve** Advanced Notice of Consent to Expedited Proposal as recommended by Examiner

___ **Disapprove** Advanced Notice of Consent to Expedited Proposal as recommended by Examiner

_Paul A. Howard_                        _12/29/05_
　　　　Examiner　　　　　　　　　　　　　　　　　　　　　　Date

---

✓ **Approve** Advanced Notice of Consent to Expedited Proposal as recommended by Examiner

___ **Disapprove** Advanced Notice of Consent to Expedited Proposal as recommended by Examiner

_Cristina M. Cascara_                        _12-30-05_
　　　　Commissioner　　　　　　　　　　　　　　　　　　　Date

---

**Additional Comments by the Commissioner** *{if necessary}*:

 

# ADVANCED CONSENT EXPEDITED REVOCATION
## WORKSHEET

---

## I. Prisoner Identification:

Name ..........................................Starr, Anthony
Reg. No. ....................................07684-007
DCDC No................................238-309
PC Hearing Date:....................December 2, 2005

Examiner...................................Paul R. A. Howard
Attorney ................................... Shirlimarie McAvoy-Gray, PDS

---

## II. Charges

Charge No. 1 - Use of Dangerous and Habit Forming Drugs

Charge No. 2 - Failure to Submit to Drug Testing

Charge No. 3 - Violation of Special Condition (Drug Aftercare)

---

## III. Salient Factor Score:

0 - Item A
0 - Item B
2 - Item C
0 - Item D
0 - Item E
0 - Item F
2 - Total Score

## IV. Guideline Parameters:

Violation Severity......:Category One severity because it involved administrative violations.
Supervision Type ......: Parole
Months in Custody....:As of December 29, 2005, you have been in confinement as a result of your violation behavior for a total of 1 month(s).
Guidelines ...................:12-16

---

## V. Summary *{Include original offense and number of prior revocations}*:

Subject was convicted of Possession of Firearm During a Crime of Violence or Dangerous Offense and Bail Reform Act. He was sentenced to a 15-year and 6-month consecutive term for these offenses in January 1992. The subject was mandatory released on October 3, 2001 and parole was revoked on April 29, 2002 for an administrative violation. On June 14, 2002 findings were made on new criminal violations involving Possession With Intent to Distribute Cocaine, Possession of



Cocaine, Possession With Intent to Distribute Heroin and Possession of Heroin.   Subject was continued to a presumptive parole on February 22, 2005 after the service of 36 months.  Subject was paroled on March 22, 2005 with a full term date of May 6, 2007.  This constitutes the subject's second violation of the base offense and the current violations are administrative.  The guidelines are 12-16 months based on a salient factor score of 2.  A decision at the bottom of the guidelines is recommended with a Drug Aftercare Special Condition.

PRH/SDS
December 29, 2005

**EXHIBIT I**



U.S. Department of Justice
United States Parole Commission
5550 Friendship Boulevard
Chevy Chase, Maryland 20815-7201

**Notice of Action**

---

Name: STARR, Anthony
Register Number: 07684-007
DCDC No: 238-309

Institution: D.C. Correctional Treatment Facility

Date:     January 6, 2006

---

## ADVANCED CONSENT TO EXPEDITED REVOCATION

The Commission has ordered the following action pursuant to your acceptance of the Advanced Consent to the Expedited Revocation you signed on December 2, 2005:

Revoke parole. None of the time spent on supervision shall be credited. Continue to a Presumptive parole on November 29, 2006 after the service of 12 months.

This presumptive parole date is conditioned upon your maintaining good institutional conduct and the development of a suitable release plan. The Commission will conduct a pre-release record review up to 9 months prior to the presumptive parole date to ascertain that these conditions have been fulfilled. In order to complete this review, the Case Manager should submit an updated Progress Report to the Commission 10 months prior to the presumptive parole date. If there have been Disciplinary Reports since the Commission's last review, they should be attached to the Progress Report for the Commission's consideration. If the Commission has requested that a current psychological or psychiatric report be prepared for this review, it also should be attached.

In addition, you shall be subject to the Special Drug Aftercare Condition that requires that you participate as instructed by your Supervision Officer in a program (inpatient or outpatient) approved by the D.C. Court Services and Offender Supervision Agency for the treatment of narcotic addiction or drug dependency. That program may include testing and examination to determine if you have reverted to the use of drugs. You shall also abstain from the use of alcohol and all other intoxicants during and after the course of treatment.

## FINDINGS OF FACT:

The Commission has found that you violated the following condition(s) of release:

Charge No. 1 - Use of Dangerous and Habit Forming Drugs

Charge No. 2 - Failure to Submit to Drug Testing

Charge No. 3 - Violation of Special Condition (Drug Aftercare)

Basis for the above-stated finding(s): Your acceptance of responsibility for the violations and your agreement to accept revocation.

## REASONS:

---

Exhibit
I

Your parole violation has been rated as Category One severity because it involved administrative violations. Your salient factor score is 2. See the attached sheet for an explanation of your individual Salient Factor Score items. The table at the bottom presents the points for Salient Factor Score Item C. As of December 29, 2005, you have been in confinement as a result of your violation behavior for a total of 1 month(s). Guidelines established by the Commission indicate a customary range of 12-16 months to be served before release. After review of all relevant factors and information presented, a decision a departure from the guidelines at this consideration is not found warranted.

THE ABOVE DECISION IS NOT APPEALABLE.

Copies of this Notice are sent to your institution and to your supervising officer. In certain cases, copies may also be sent to the sentencing court. You are responsible for advising any others you wish to notify.

cc:     Sharon Barnes-Durbin, SCSA
        CSS Data Management Group
        D.C. Court Services & Offender Supervision Agency
        300 Indiana Avenue, N.W., Suite 2149
        Washington, D.C. 20001

        D.C. Federal Billing Unit
        D.C. Department of Corrections
        Washington, D.C. 20003

        Aaron Germany
        General Supervision Unit IX-Team 53
        CSOSA
        1418 Good Hope Road, S.E.
        Washington, D.C. 20020

        S. McAroy-Gray
        Public Defender Service
        District of Columbia
        Special Proceedings Division
        633 Indiana Avenue, N.W.
        Washington, D.C. 20004

        U.S. Marshals Service
        District of Columbia - District Court
        333 Constitution Ave, N.W., Room 1400
        Washington, D.C. 20001
        Warrants - Attn: Sean McLeod

## SALIENT FACTOR SCORE (SFS-98)

| Your Pts | Salient Factor Score (SFS-98) Item Explanations |
|---|---|
| 0 | **A** - Prior convictions/adjudications (adult or juvenile) None = 3; One = 2; Two or three = 1; Four or more = 0 |
| 0 | **B** - Prior commitments of more than thirty days (adult or juvenile) None = 2; One or two = 1; Three or more = 0 |
| 2 | **C** - Age at commencement of the current offense/prior commitments of more than thirty days (adult or juvenile) (see table below for an explanation) |
| 0 | **D** - Recent commitment free period (three years) No prior commitment of more than thirty days (adult or juvenile), or released to the community from last such commitment at least three years prior to the commencement of the current offense = 1; Otherwise = 0 |
| 0 | **E** - Probation/parole/confinement/escape status violator this time Neither on probation, parole, confinement, or escape status at the time of the current offense; nor committed as a probation, parole, confinement or escape status violator this time = 1; Otherwise = 0 |
| 0 | **F** - Older offenders If the offender was 41 years or more at the commencement of the current offense (and the total score from Items A-E above is 9 or less) = 1; Otherwise = 0 |
| 2 | **Salient Factor Score (SFS-98)** (sum of points for A-F above) |



| Points For SFS Item C | | | |
|---|---|---|---|
| Age | Prior Commitments | | |
| | 0-3 | 4 | 5+ |
| 26 & Up | 3 | 2 | 1 |
| 22-25 | 2 | 1 | 0 |
| 20-21 | 1 | 0 | 0 |
| 0-19 | 0 | 0 | 0 |

**EXHIBIT J**

P.01

OCT-25-2006  15:42          BOP

**U.S. Department of Justice**
**Federal Bureau of Prisons**
*CBR/DC Community Corrections Office*

---

*10010 Junction Drive, Suite 101-N*
Annapolis Junction, MD  20701

October 23, 2006

The Honorable Robert M. Scott
The District of Columbia Superior Court
500 Indiana Ave, NW
Room 1420
Washington, D.C. 20001

RE:  Starr, Anthony
     Reg. No.:07684-007
     Docket No.: F6443-91, M11390-91

Dear Judge Scott:

On October 13, 2006, Mr. Starr was placed on escape status from the Shaw II Community Corrections Center.  On the above date, staff discovered Mr. Starr missing from the facility.

Mr. Starr was sentenced in your Court on January 23, 1992 for Possession of A Firearm During Crime of Violence and Bail Reform Act.  He was serving his sentence as a Parole Violator and has 775 days remaining on his sentence.  He had a projected release date of November 29, 2006, via Parole.

If you have any further questions, please do not hesitate to contact me at (301) 317-3142.

Sincerely,

Dewayne Hendrix
Community Corrections Mgr.

Exhibit
J

OCT-25-2006  15:42        BOP                                                    P.02

BP-S393.058   **NOTICE OF ESCAPED FEDERAL PRISONER**   CDFRM
NOV 94
**U.S. DEPARTMENT OF JUSTICE**                          **FEDERAL BUREAU OF PRISONS**

| Institution Community Corrections Office<br>Annapolis Junction, MD 20701 | | Date<br>10/22/06 | | |
|---|---|---|---|---|
| Name<br>Starr, Anthony | Number<br>07684-007 | Date of Birth | Age<br>36 | |
| Sex<br>Male | Race<br>Black | Height<br>5'05" | Weight<br>150 lbs | Eyes<br>Brown | Hair<br>Black | Place of Birth<br>District of<br>Columbia |

| Citizenship<br>U.S. | Build<br>Small | Address:<br>Washington, D.C.   20019 |
|---|---|---|
| Scars, Marks, Tattoos: None | | Occupation:<br>Virginia American<br>1200 First Street, NW<br>Washington, D.C.20019 |
| Aliases: Tony Starr | F.B.I. No.<br>935958JA5 | SSN |

| Sentence Original<br>Sentence 15 years,6<br>months; Parole Violator<br>775 days remaining | **Offense: Possession Of<br>A Firearm During A<br>Crime of Violence and<br>Bail Reform Act** | Orig Arrest Location:<br>Washington, D.C. |
|---|---|---|
| FACILITY: Shaw II<br>           1740 Park road, NW<br>           Washington, D.C.  20010 | Violent Behavior:   Yes_X_  No___<br>Armed:               Yes __  No X<br>Consider Dangerous: Yes_X_  No___ | |

DETAILS OF ESCAPE:

On October 20, 2006, inmate Anthony Starr Number, 07684-007, escaped form Shaw II
Community Correction Center.  Staff discovered inmate Starr missing from the facility.
Inmate Starr was placed on escape status and the proper authorities were notified.

SUBJECT TO THE CONDITIONS OF TITLE 28, PART 7, SECTION 7.1 - 7.5 OF THE CODE OF FEDERAL REGULATIONS, A STANDING OFFER
TO REWARD IS MADE FOR THE CAPTURE, OR ASSISTANCE IN, OR FURNISHING INFORMATION LEADING TO THE CAPTURE OF AN ESCAPED
FEDERAL PRISONER.  THIS REWARD SHALL NOT BE IN EXCESS OF $200 UNLESS SPECIFICALLY GRANTED BY THE DIRECTOR OF THE
BUREAU OF PRISONS.  IF APPREHENDED, OR IF YOU HAVE INFORMATION CONCERNING THE PRISONER, WIRE OR TELEPHONE COLLECT THE
NEAREST OFFICE OF THE FEDERAL BUREAU OF INVESTIGATION (F.B.I.), OR CONTACT THE CHIEF EXECUTIVE OFFICER OF THIS
FACILITY.

TELEPHONE NUMBER: 301 -317-3283        Denise M. Carter, Case Manager

                              1

                                                              TOTAL P.02

**EXHIBIT K**

 

U.S. Department of Justice                                    **Notice of Action**
United States Parole Commission
5550 Friendship Boulevard
Chevy Chase, Maryland 20815-7201

---

Name: STARR, Anthony                         Institution: Baltimore CCM
Register Number: 07684-007
DCDC No: 238-309                             Date:        November 1, 2006

---

In the case of the above-named, the following action was ordered:

Reopen and retard parole effective date of November 29, 2006 for violating the rules of the institution
and schedule for a Rescission Hearing, upon return to Bureau of Prisons custody and receipt of the final
in-person Disciplinary Infraction Hearing Report.

**REASONS:**

On October 13, 2006, you escaped from Shaw II Community Corrections Center.

THE ABOVE DECISION IS NOT APPEALABLE.

Copies of this Notice are sent to your institution and to your supervising officer. In certain cases, copies
may also be sent to the sentencing court. You are responsible for advising any others you wish to notify.

cc:     CSS Data Management Group
        D.C. Court Services & Offender Supervision Agency
        300 Indiana Avenue, N.W., Suite 2070
        Washington, D.C. 20001

---

Exhibit
K

**EXHIBIT L**


2007 CF2 024376          United States  Vs. STARR, ANTHONY

Search Criteria
Docket Entry                                ↓      Begin Date                    SortDescending
Images        All Dockets                          End Date
Participant                                 ↓
Display OptionExclude Non Display Dockets

Search Results

| Docket Date | Reference | Description | Amt Owed/ Amt Dism/Credit | Amount Due |
|---|---|---|---|---|
| 4/25/2008 | | Event Resulted - Release Status:  N/A. After Sentencing Hearing was held; Defendant's presence waived.  Sentence amended as reflected in Judgment and Commitment Order.  Copies to BOP to be faxed from chambers. The following event: After Sentencing Hearing scheduled for 04/25/2008 at 9:00 am has been resulted as follows: Result: Held Judge: MORIN, ROBERT E    Location: Courtroom 312 Mr JOHN C FLOYD III (Attorney) on behalf of ANTHONY STARR (Defendant (Criminal)) Participant(s): Judge ROBERT E MORIN | | |
| 4/25/2008 | | Form Generated: Order Assesssing Costs Sent on:  04/25/2008  09:50:29 | | |
| 4/25/2008 | | Form Generated: Supervised Release Order Sent on:  04/25/2008  11:59:37 | | |
| 4/25/2008 | | Judgment and Commitment Order | | |
| 4/25/2008 | | Sentence...AMENDED, Nunc Pro Tunc 03-14-2008. Sentence for Charge # 1, Attempted Prison Breach Sentence Date: 04/25/2008 Confinement Type:  Confinement Time: 0 years, 0 months, 60 days. Time Susp: 0 years,  months, 0 days. Amount To Serve: 0 years, 0 months, 60 days. Supervised Release: 0 years, 0 months, 60 days. VVCA Amount:          100.00, Due:  10/01/2008 Sentencing Comments: Defendant to receive credit for time served. | | |
| 4/25/2008 | | Motion Granted:  Motion to Reduce Sentence. | | |
| 4/23/2008 | | Event Scheduled Event: After Sentencing Hearing Date: 04/25/2008    Time: 9:00 am Judge: MORIN, ROBERT E    Location: Courtroom 312 Result: Held | | |
| 4/3/2008 | | Motion to Reduce Sentence Attorney: FLOYD III, Mr JOHN C (322149) | | |
| 3/18/2008 | | E Designate Process Complete | | |

Exhibit
L

ANTHONY STARR (Defendant (Criminal)); Mr
JOHN C FLOYD III (Attorney) on behalf of
ANTHONY STARR (Defendant (Criminal)); Judge
ROBERT E MORIN

| | |
|---|---|
| 2/26/2008 | Event Scheduled<br>Event: Status Hearing<br>Date: 03/14/2008    Time: 9:00 am<br>Judge: MORIN, ROBERT E    Location:<br>Courtroom 312 |
| | Result: Change of Plea |
| 2/26/2008 | Commitment Pending Disposition Filed |
| | Commitment Pending Disposition<br>Sent on: 02/26/2008 10:33:07 |
| 2/26/2008 | Attorney Appointed<br>Attorney FLOYD III, Mr JOHN C representing<br>Defendant (Criminal) STARR, ANTHONY as of<br>02/26/2008 |
| 2/26/2008 | Alert Changed<br>Arr War- Felony issued on 10/17/2007<br>For: STARR, ANTHONY was changed on<br>02/26/2008 10:30:43 by DELGADOJ |
| 2/26/2008 | Alert Cancelled<br>Arr War- Felony canceled on: 02/26/2008<br>For: STARR, ANTHONY |
| 2/25/2008 | Event Scheduled<br>Event: Bench Warrant Return Hearing<br>Date: 02/26/2008    Time: 9:00 am<br>Judge: MORIN, ROBERT E    Location:<br>Courtroom 312 |
| | Result: Defn Arraigned Pled Not Guilty Jury<br>Demand Made |
| 2/25/2008 | Judge Caseload Transfer-Criminal<br>The judge was changed from COMBS GREENE,<br>NATALIA to MORIN, ROBERT E |
| 10/22/2007 | Bench Warrant and Routing Slip Forwarded to<br>U.S. Marshal's office.  EDC. |
| 10/17/2007 | Arrest Warrant Filed-Felony<br>Arr War- Felony created on: 10/18/2007<br>For: STARR, ANTHONY |
| 10/17/2007 | Indictment Filed --1 COUNT |
| 10/17/2007 | Charge Filed<br>Charge #1: Prison Breach |

Crime Victims Compensation Fund  Receipt:
63899  Date: 04/30/2008                                      100.00    48.68

3/14/2008          Event Resulted - Release Status: N/A.
                   Status Hearing was held.  Defendant pled
                   guilty to LIO of Charge 1 = Attempted
                   Prison Breach.  PSI WAIVED.  Defendant was
                   sentenced today.
                   The following event: Status Hearing
                   scheduled for 03/14/2008 at 9:00 am has
                   been resulted as follows:

                   Result: Change of Plea
                   Judge: MORIN, ROBERT E    Location:
                   Courtroom 312
                   ANTHONY STARR (Defendant (Criminal)); ; Mr
                   JOHN C FLOYD III (Attorney) on behalf of
                   ANTHONY STARR (Defendant (Criminal)); Judge
                   ROBERT E MORIN


3/14/2008          Form Generated:

                   Order Assesssing Costs
                   Sent on: 03/14/2008 12:37:29
3/14/2008          Form Generated:

                   Supervised Release Order
                   Sent on: 03/14/2008 12:48:18
3/14/2008          Judgment and Commitment Order


3/14/2008          Sentence
                   **Sentence for Charge #** 1, Attempted Prison
                   Breach
                   **Sentence Date:** 03/14/2008
                   **Confinement Type:** Confinement
                   **Time:** 0 years, 0 months, **180 days.**
                   **Time Susp:** 0 years,  months, 0 **days.**
                   **Amount To Serve:** 0 years, 0 months, **180
                   days.**
                   **Supervised Release:** 0 years, 0 months, **180
                   days.**
                   **VVCA Amount:**        100.00, **Due:**
                   **Sentencing Comments:** Defendant to receive
                   credit for time served.  VVCC are due
                   within six (6) months after release from
                   incarceration.
3/14/2008          Case Disposed - Plea Judgment Guilty


3/14/2008          Charge Disposed - Plea Judgment Guilty


3/14/2008          Waiver of Trial Filed


3/14/2008          Notice of Filing, Plea Offer, and Discovery
                   Information.

2/26/2008          Event Resulted - Release Status: NO BOND.
                   Bench Warrant Return Hearing / Felony
                   Arraignment was held.  Defn Arraigned Pled
                   Not Guilty Jury Demand Made.  Case
                   continued for status hearing.  Atty. Floyd
                   appointed as CJA Attorney.  Defendant's
                   address added in CourtView.
                   The following event: Bench Warrant Return
                   Hearing scheduled for 02/26/2008 at 9:00 am
                   has been resulted as follows:

                   Result: Defn Arraigned Pled Not Guilty Jury
                   Demand Made
                   Judge: MORIN, ROBERT E    Location:
                   Courtroom 312

**EXHIBIT M**

*E. Burke*

U.S. Department of Justice
United States Marshals Service



# DETAINER

## AGAINST SENTENCED FEDERAL PRISONER
## BASED ON FEDERAL ARREST WARRANT

United States Marshal

### M/PA - WILLIAMSPORT
*(District)*

340 WEST THIRD STREET, SUITE 300
WILLIAMSPORT, PA 17701
570-323-7245

*(Return Address and Phone)*

*Please type or print neatly*

TO: RECORDS - ALM

DATE: NOVEMBER 1, 2007

SUBJECT: STARR, ANTHONY

AKA:

DOB/SSN: 09-28-1970

REF. #

USMS #: 07684-007

CR #: OJO

Please accept this Detainer against the above-named subject who is currently in your custody. The ▓▓▓▓
▓▓▓▓ SUPERIOR COURT OF THE _____ District of COLUMBIA
has issued an arrest warrant(s) charging the subject with the commission of the following offense(s):

ESCAPE

Prior to the subject's release from your custody, please notify this office at once so that we may assume custody if necessary. If the subject is transferred from your custody to another detention facility, we request that you forward our Detainer to said facility at the time of transfer and advise this office as soon as possible.

The notice and speedy trial requirements of the Interstate Agreement on Detainers Act **DO NOT APPLY** to this Detainer. However, pursuant to the Speedy Trial Act of 1974, 18 U.S.C. § 3161 0j(1), a person serving a sentence of imprisonment in any penal institution against whom a detainer is lodged (based on pending Federal criminal charges which have not yet been tried) must be advised that a Detainer has been filed and that the prisoner has the right to demand speedy trial on those charges.

Accordingly, please advise the subject that a Detainer has been filed against him/her and that under the Speedy Trial Act, he/she has the right to demand speedy trial on the charges. If your office does not have an official form for such purposes, the statements contained in this Form below may be used.

### INSTRUCTIONS FOR COMPLETION OF STATEMENTS

1 Please read or show the following to the subject:

"You are hereby advised that a Detainer has been filed against you on (date) 11-01-2007 , on the basis of Federal criminal charges filed against you in the ▓▓▓▓▓▓ SUPERIOR CT District of COLUMBIA
With regard to answering these charges, you are hereby advised that you have the right to demand a speedy trial under the Speedy Trial Act.

*Exhibit*
*m*

Form USM-17B
Est. 01/07

If you have any questions regarding the provisions of the Speedy Trial Act, you should contact your attorney or the U.S. Attorney for the **SUPERIOR COURT** District of **COLUMBIA**

2. Please execute the following:

The foregoing was read to or by subject and a copy of the Detainer was delivered to him on **11-01-07**
                                                                              *(date)*

Signed **Carol Danner**                            Title **Legal Instruments Examiner**

3. Please have the prisoner execute the following:

I have read or have been read the above paragraph notifying me that a Detainer has been lodged against me and that I have the right to demand speedy trial on the charge(s). I (do)(do not) demand a speedy trial on the charge(s). I understand that if I do request a speedy trial, this request will be delivered to the Office of the United States Attorney who caused the Detainer to be filed.

Finally, I understand that if at any time hereafter I desire to demand speedy trial and have not already done so, I can inform my custodian who will then cause the request to be forwarded to the appropriate U.S. Attorney."

**Carol Danner, LIF**                              **X Anthony Starr**
*(Witness)*                                        *(Signature of Prisoner and Date)*

                                                   **Anthony M. Starr**
                                                   *(Typed or Printed Name of Prisoner)*

4. Please acknowledge receipt of this document. In addition, please provide one copy of the Detainer to the prisoner, return one copy of the Detainer to this office in the enclosed self-addressed envelope, and, if the prisoner demands a speedy trial, forward the Detainer together with the Certificate of Inmate Status by registered or certified mail to the U.S. Attorney for the **SUPERIOR CT** District of **COLUMBIA**

and the ▮▮▮▮▮▮▮ **SUPERIOR CT** District of **COLUMBIA**

5. If the prisoner does not demand a speedy trial at this time and further elects to demand a speedy trial on the charge (s) at a later date, you should obtain a new set of this Form USM- 17B from the United States Marshal, have the prisoner complete the amended form, and follow the instructions contained in paragraph 4 above.

Your cooperation is greatly appreciated.

| RECEIPT | |
|---|---|
| Date: | **11-01-07** |
| Signed: | **Carol Danner, LIE** |
| By: | **Carol J. Danner** |
| Title: | **Legal Instruments Ex** |

Very truly yours,

**[signature]**
Signature
of
**MICHAEL R. REGAN**
*U.S. Marshal*

**EXHIBIT N**

```
REGNO..: 07684-007 NAME: STARR, ANTHONY
COMP NO: 030       ALL CURR COMPS(Y/N): Y   ALL PRIOR COMPS(Y/N): Y
FUNC...: DIS


FBI NO..........: 935958JA5          DATE OF BIRTH: ████████
ARS1............: ALM/FT REL
UNIT............:                     QUARTERS.....:
DETAINERS.......: YES                 NOTIFICATIONS: NO

PRE-RELEASE PREPARATION DATE: 12-24-2007

THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S PRIOR COMMITMENT.
THE INMATE WAS SCHEDULED FOR RELEASE:  02-22-2008 VIA MAND PAR




G0002       MORE PAGES TO FOLLOW . . .
```

Exhibit
N

Case 1:08-cv-00084-JDB   Document 8-16   Filed 07/21/2008   Page 3 of 8

REGNO..: 07684-007 NAME: STARR, ANTHONY
COMP NO: 030        ALL CURR COMPS(Y/N): Y   ALL PRIOR COMPS(Y/N): Y
FUNC...: DIS

------------------------PRIOR JUDGMENT/WARRANT NO: 040 ------------------------

COURT OF JURISDICTION..........: DIST OF COLUMBIA, SUPERIOR CRT
DOCKET NUMBER..................: F6443-91,M11390-91
JUDGE..........................: SCOTT
DATE SENTENCED/PROBATION IMPOSED: 01-23-1992
DATE WARRANT ISSUED............: 11-09-2005
DATE WARRANT EXECUTED..........: 11-30-2005
DATE COMMITTED.................: 03-20-2006
HOW COMMITTED..................: RETURN OF PAROLE VIOLATOR
PROBATION IMPOSED..............: NO
SPECIAL PAROLE TERM............:


G0002        MORE PAGES TO FOLLOW . . .

Case 1:08-cv-00084-JDB    Document 8-16    Filed 07/21/2008    Page 4 of 8

REGNO..: 07684-007 NAME: STARR, ANTHONY
COMP NO: 030      ALL CURR COMPS(Y/N): Y   ALL PRIOR COMPS(Y/N): Y
FUNC...: DIS

RESTITUTION...: PROPERTY: NO SERVICES: NO        AMOUNT: $00.00

-------------------------PRIOR OBLIGATION NO: 010 -------------------------
OFFENSE CODE...: 606
OFF/CHG: 22-3201(B);POSS OF F/A DURING CRIME OF VIOL OR DANG OFFENCE
        23-1327;BAIL REFORM ACT

  SENTENCE PROCEDURE.............: DC GTCA ADULT SENTENCE
  SENTENCE IMPOSED/TIME TO SERVE.:    15 YEARS     6 MONTHS
  NEW SENTENCE IMPOSED...........:    775 DAYS
  BASIS FOR CHANGE...............: PAROLE VIOLATOR WARRANT EXEC
  DATE OF OFFENSE................: 03-27-1991


  G0002        MORE PAGES TO FOLLOW . . .

Case 1:08-cv-00084-JDB    Document 8-16    Filed 07/21/2008    Page 5 of 8

REGNO..: 07684-007 NAME: STARR, ANTHONY
COMP NO: 030        ALL CURR COMPS(Y/N): Y    ALL PRIOR COMPS(Y/N): Y
FUNC...: DIS


--------------------------PRIOR COMPUTATION NO: 030 --------------------------

COMPUTATION 030 WAS LAST UPDATED ON 05-16-2007 AT DSC AUTOMATICALLY
COMPUTATION CERTIFIED ON 05-16-2007 BY DESIG/SENTENCE COMPUTATION CTR

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
PRIOR COMPUTATION 030:    040 010

DATE COMPUTATION BEGAN..........: 11-30-2005
TOTAL TERM IN EFFECT............:    775 DAYS
TOTAL TERM IN EFFECT CONVERTED..:    2 YEARS      1 MONTHS      15 DAYS
EARLIEST DATE OF OFFENSE........: 03-27-1991


G0002        MORE PAGES TO FOLLOW . . .

```
REGNO..: 07684-007 NAME: STARR, ANTHONY
COMP NO: 030        ALL CURR COMPS(Y/N): Y    ALL PRIOR COMPS(Y/N): Y
FUNC...: DIS


INOPERATIVE TIME.........: REASON     FROM DATE      THRU DATE
                           ESCAPE     10-21-2006     05-09-2007


TOTAL JAIL CREDIT TIME..........: 0
TOTAL INOPERATIVE TIME..........: 201
STATUTORY GOOD TIME RATE........: 6
TOTAL SGT POSSIBLE..............: 153
PAROLE ELIGIBILITY..............: COMMISSION'S DISCRETION
STATUTORY RELEASE DATE..........: 03-01-2008
TWO THIRDS DATE.................: N/A
180 DAY DATE....................: N/A
EXPIRATION FULL TERM DATE.......: 08-01-2008


NEXT PAROLE HEARING DATE........: N/A


G0002        MORE PAGES TO FOLLOW . . .
```

REGNO..: 07684-007 NAME: STARR, ANTHONY
COMP NO: 030       ALL CURR COMPS(Y/N): Y   ALL PRIOR COMPS(Y/N): Y
FUNC...: DIS

TYPE OF HEARING.................: PAROLE EFFECTIVE

ACTUAL SATISFACTION DATE........: 02-22-2008
ACTUAL SATISFACTION METHOD......: MAND PAR
ACTUAL SATISFACTION FACILITY....: ALM
ACTUAL SATISFACTION KEYED BY....: SJS

DAYS REMAINING..................: 161
FINAL PUBLIC LAW DAYS...........: 0

                    RELEASE AUDIT CERTIFIED BY DSCC.


G0002          MORE PAGES TO FOLLOW . . .

```
REGNO..: 07684-007 NAME: STARR, ANTHONY
COMP NO: 030       ALL CURR COMPS(Y/N): Y   ALL PRIOR COMPS(Y/N): Y
FUNC...: DIS

------------------------------ PRIOR DETAINERS: -----------------------------

DETAINER NO..: 001
DATE LODGED..: 11-01-2007
AGENCY.......: US MARSHALS SERVICE
AUTHORITY....: USM M/PA FOR DC SUPERIOR COURT
CHARGES......: ESCAPE
DATE RELEASED: 02-22-2008




G0002      MORE PAGES TO FOLLOW . . .
```

**EXHIBIT O**

# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

United States of America
V.

ANTHONY STARR

JUDGMENT IN A CRIMINAL CASE

Case Number:  2007 CF2 024376

PDID No.  385-257

## THE DEFENDANT:

☒ ENTERED A PLEA OF GUILTY TO COUNT (S)  Charge 1     AMENDED

☐ WAS FOUND GUILTY ON COUNT (S) _____
AFTER A PLEA OF NOT GUILTY.

| Count | Nature of Charges | Title & Section | Date of Offense |
|---|---|---|---|
| Charge 1 | Attempted Prison Breach | 22-2601 (2001 ed.) | October 20, 2006 |

## SENTENCE OF THE COURT

Charge 1 - Sixty (60) days in jail, credit for time served; followed by sixty (60) days of supervised release.

The $100.00 (one-hundred dollars) assessed under the Victims of Violent Crime Compensation Act of 1996 are due by October 1, 2008.

☒ The defendant is hereby committed to the custody of the Attorney General to be imprisoned for a total term of,

sixty (60) days                      ☐ MANDATORY MINIMUM term of_____applies.

☒  Upon release from imprisonment, the defendant shall be on supervised release for a term of    sixty (60) days.

☐  The Court makes the following recommendations to the Bureau of Prisons:

Costs in the aggregate amount of $ 100.00 _____ have been assessed under the Victims of Violent Crime Compensation Act of 1996, and ☐ have ☒ have not been paid.

April 25, 2008 (Nunc Pro Tunc 3-14-08)
Date

_____
Judge

ROBERT E. MORIN, Associate Judge
Name and Title of Judicial Officer

Certification by Clerk pursuant to Criminal Rule 32(d).

April 25, 2008 (Nunc Pro Tunc 3-14-08)
Date

_____
Deputy Clerk

Case: 2007 CF2 024376

HUNTERB 04/25/2008 3:58:36 PM

Exhibit
O

**EXHIBIT P**

Case 1:08-cv-00084-JDB   Document 8-18   Filed 07/21/2008   Page 2 of 7

```
USA08   540-23          SENTENCE MONITORING          05-12-2008
PAGE 001          *     COMPUTATION DATA          *  13:28:16
                        AS OF 04-28-2008
```

```
REGNO..: 07684-007 NAME: STARR, ANTHONY
COMP NO: 040       ALL CURR COMPS(Y/N): Y   ALL PRIOR COMPS(Y/N): Y
FUNC...: DIS

FBI NO..........: 935958JA5           DATE OF BIRTH: ██████████
ARS1............: ALM/FT REL
UNIT............:                      QUARTERS.....:
DETAINERS.......: NO                   NOTIFICATIONS: NO

PRE-RELEASE PREPARATION DATE: 04-23-2008

THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S PRIOR COMMITMENT.
THE INMATE WAS SCHEDULED FOR RELEASE:  04-28-2008 VIA FT REL




G0002       MORE PAGES TO FOLLOW . . .
```

Exhibit
P

Case 1:08-cv-00084-JDB   Document 8-18   Filed 07/21/2008   Page 3 of 7

REGNO..: 07684-007 NAME: STARR, ANTHONY
COMP NO: 040      ALL CURR COMPS(Y/N): Y   ALL PRIOR COMPS(Y/N): Y
FUNC...: DIS

-----------------------PRIOR JUDGMENT/WARRANT NO: 050 ----------------------

COURT OF JURISDICTION..........: DIST OF COLUMBIA, SUPERIOR CRT
DOCKET NUMBER..................: 2007 CF2 024376
JUDGE..........................: MORIN
DATE SENTENCED/PROBATION IMPOSED: 03-14-2008
DATE COMMITTED.................: 04-21-2008
HOW COMMITTED..................: DC SUPERIOR COURT COMT
PROBATION IMPOSED..............: NO


                   FELONY ASSESS  MISDMNR ASSESS  FINES       COSTS
NON-COMMITTED.:    $00.00         $00.00          $00.00      $100.00

RESTITUTION...:  PROPERTY:  NO  SERVICES:  NO      AMOUNT: $00.00

G0002       MORE PAGES TO FOLLOW . . .

Case 1:08-cv-00084-JDB   Document 9-18   Filed 07/21/2008   Page 4 of 7

REGNO..: 07684-007 NAME: STARR, ANTHONY
COMP NO: 040       ALL CURR COMPS(Y/N): Y   ALL PRIOR COMPS(Y/N): Y
FUNC...: DIS


-----------------------------PRIOR OBLIGATION NO: 010 -------------------------
OFFENSE CODE....:  612
OFF/CHG: 22-2601;ATTEMPTED PRISON BREACH

  SENTENCE PROCEDURE.............: DC SRAA ADULT SENTENCE
  SENTENCE IMPOSED/TIME TO SERVE.:   180 DAYS
  TERM OF SUPERVISION............:    60 DAYS
  NEW SENTENCE IMPOSED...........:    60 DAYS
  BASIS FOR CHANGE...............: COURT ORDER MODIFYING SENTENCE
  DATE OF OFFENSE................: 10-20-2006


G0002        MORE PAGES TO FOLLOW . . .

REGNO..: 07684-007 NAME: STARR, ANTHONY
COMP NO: 040        ALL CURR COMPS(Y/N): Y   ALL PRIOR COMPS(Y/N): Y
FUNC...: DIS


-------------------------PRIOR COMPUTATION NO: 040 -------------------------

COMPUTATION 040 WAS LAST UPDATED ON 04-28-2008 AT DSC AUTOMATICALLY
COMPUTATION CERTIFIED ON 04-28-2008 BY DESIG/SENTENCE COMPUTATION CTR

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
PRIOR COMPUTATION 040:   050 010

DATE COMPUTATION BEGAN..........: 03-14-2008
TOTAL TERM IN EFFECT............:    60 DAYS
TOTAL TERM IN EFFECT CONVERTED..:     1 MONTHS     29 DAYS
EARLIEST DATE OF OFFENSE........: 10-20-2006


G0002      MORE PAGES TO FOLLOW . . .

Case 1:08-cv-00084-JDB   Document 8-18   Filed 07/21/2008   Page 6 of 7

REGNO..: 07684-007 NAME: STARR, ANTHONY
COMP NO: 040       ALL CURR COMPS(Y/N): Y   ALL PRIOR COMPS(Y/N): Y
FUNC...: DIS

JAIL CREDIT....................:   FROM DATE    THRU DATE
                                   02-22-2008   03-13-2008

TOTAL PRIOR CREDIT TIME.........: 21
TOTAL INOPERATIVE TIME..........: 0
TOTAL GCT EARNED AND PROJECTED..: 0
TOTAL GCT EARNED................: 0
STATUTORY RELEASE DATE PROJECTED: 04-21-2008
SIX MONTH /10% DATE.............: N/A
EXPIRATION FULL TERM DATE.......: 04-21-2008


ACTUAL SATISFACTION DATE........: 04-28-2008
ACTUAL SATISFACTION METHOD......: FT REL

G0002        MORE PAGES TO FOLLOW . . .

REGNO..: 07684-007 NAME: STARR, ANTHONY
COMP NO: 040      ALL CURR COMPS(Y/N): Y    ALL PRIOR COMPS(Y/N): Y
FUNC...: DIS

ACTUAL SATISFACTION FACILITY....: ALM
ACTUAL SATISFACTION KEYED BY....: CJD

DAYS REMAINING..................: 0
FINAL PUBLIC LAW DAYS...........: 0

REMARKS.......: RELEASE AUDIT COMPLETED BY DSCC.



G0002       MORE PAGES TO FOLLOW . . .

**EXHIBIT Q**

DC_PAROL.WPD      CERTIFICATE OF MANDATORY PAROLE OR MANDATORY RELEASE

**U.S. Department of Justice**
**United States Parole Commission**

## CERTIFICATE OF MANDATORY PAROLE OR MANDATORY RELEASE
### District of Columbia Code Offender

It is certified that Anthony M. Starr           , Register No. 07684-007     , (DCDC No.
238309           ), now confined in    FCI Allenwood, PA          is entitled to
good time deductions from the maximum term of sentence imposed as provided by law, and is
hereby released from this institution under this sentence on   February 22, 2008     .
This inmate was released by the undersigned according to Title 24 of the District of Columbia
Code, Chapter 4, Subchapter I and implementing regulations. Upon release, the above-named
person is to remain under the jurisdiction of the United States Parole Commission, as if on
parole, under the conditions set forth on the reverse side of this certificate, and is subject
to such conditions until and including:

X        If Offense Committed On Or After April 11, 1987]   August 1, 2008          .
         (release is via Mandatory Parole)          *(full term date)*

(or)
☐        [If Offense Committed Before April 11, 1987]     _____ .
         (release is via Mandatory Release)            (full term date minus 180 days)

Said prisoner is to reside within the District of Columbia and to remain within the limits of
the Washington, D.C. Metropolitan Area (including the District of Columbia; Prince Georges and
Montgomery Counties of Maryland; Arlington and Fairfax Counties of Virginia) until and
including the date the United States Parole Commission's jurisdiction terminates, as described
above.   The inmate is to report for supervision to [the District of Columbia, Court Services
and Offenders Supervision Agency (CSOSA), Parole Supervision Services Division, 300 Indiana
Avenue, N.W., Suite 2134, Washington, D.C. 20001] or [specify].

**Acknowledgement of Release Conditions:**
I have read, or had read to me, the conditions of release printed on the attached Conditions
of Release form and received a copy thereof.   I fully understand them and know that if I
violate any of these conditions, I may be recommitted.

**Consent to the Disclosure of Drug/Alcohol Treatment Information:**
By signing this certificate, I consent to the unrestricted communication between any treatment
facility administering a drug or alcohol treatment program in which I am, or will be
participating, and the Parole Supervision Services Division.   I further consent to the
disclosure by such facility to the Parole Supervision Services Division of any information
requested, and the redisclosure of such information to any agencies that require it for the
performance of their official duties.   This consent shall be irrevocable until the termination
of supervision.

| Inmate signature *Anthony Starr* | Register No. 07684-007 |
|---|---|
| Witnessed: *Name and Title* | Date |
| Joe Difrancesco Case Manager | 1/24/08 |

The above-named person was released on the  22nd day of  February   , 20_08  with a total of
_161_ days remaining to be served to his full term date or 180 day date as indicated above.

David J. Ebbert, Warden
**Chief Executive Officer**

This CERTIFICATE will become effective on the day of release indicated above.   If the releasee
fails to comply with any of the conditions listed on the attached page, the releasee may be
summoned to a hearing or retaken on a warrant and reimprisoned pending a hearing to determine
if the release should be revoked.

Exhibit
Q

DC_PAROL                                          2

## CONDITIONS OF RELEASE

1.  You shall go directly to the district named in the certificate (unless released to the custody of other authorities). Within three days after your release, you shall report to the supervision office named on the certificate. If in any emergency you are unable to get in touch with the supervision office, you shall communicate with the United States Parole Commission, Chevy Chase, Maryland 20815-7286.

2.  If you are released to the custody of other authorities, and after release from the physical custody of such authorities, you are unable to report to the supervision office within three days, you shall report instead to the nearest U.S. Probation Officer.

3.  You shall not leave the geographic limits fixed by the certificate of release without written permission from your Supervision Officer.

4.  You shall make a complete and truthful written report (on a form provided for that purpose) to your Supervision Officer between the first and third day of each month, and on the final day of supervision. You shall also report to your Supervision Officer at other times as your Supervision Officer directs, providing complete and truthful information.

5.  You shall not violate any law. You shall not associate with persons engaged in criminal activity. You shall get in touch within 2 days with your Supervision Officer if you are arrested or questioned by a law-enforcement officer.

6.  You shall not associate with persons who have a criminal record without the permission of your Supervision Officer.

7.  You shall not enter into any agreement to act as an informer or special agent for any law-enforcement agency without permission from your Supervision Officer.

8.  You shall work regularly unless excused by your Supervision Officer, and support your legal dependents, if any, to the best of your ability. You shall report within 2 days to your Supervision Officer any changes in employment. You shall notify your Supervision Officer within 2 days of any change in your place of residence.

9.  You shall not drink alcoholic beverages to excess. You shall not purchase, possess, sell, manufacture, use, or distribute any controlled substance or drug paraphernalia unless such usage is pursuant to a lawful order of a practitioner and you promptly notify your Supervision Officer of same. You shall not frequent places where such drugs are illegally sold, dispensed, used or given away.

10. You shall not own, possess, use, sell, or have under your control any firearm, ammunition, or other dangerous weapons.

11. You shall permit visits by your Supervision Officer to your residence and to your place of business or occupation. You shall permit confiscation by your Supervision Officer of any materials which the officer believes may constitute contraband in your possession and which he observes in plain view of your residence, place of business or occupation, vehicle(s), or on your person. The Commission may also, when a reasonable basis for so doing is presented, modify the conditions of supervision to require you to permit the Supervision Officer to conduct searches and seizures of concealed contraband on your person, and in any building, vehicle, or other area under your control, at such times as the Supervision Officer shall decide.

12. You shall make a diligent effort to satisfy any fine, restitution order, court costs or assessment, and/or court ordered child support or alimony payment that has been, or may be, imposed, and shall provide such financial information as may be requested, by your Supervision Officer, relevant to the payment of the obligation. If unable to pay the obligation in one sum, you will cooperate with your Supervision Officer in establishing an installment payment schedule.

13. You shall be screened for the presence of controlled substances by appropriate tests as may be required by your Supervision Officer.

14. You shall cooperate fully with those responsible for your supervision. You shall carry out the instructions of your Supervision Officer and report as directed, knowing that failure to do so may be sufficient to cause your return to the institution.

15. If released to the District of Columbia, you shall submit to the sanctions imposed by your supervision officer (within the limits established by the approved Schedule of Accountability Through Graduated Sanctions), if the Supervision Officer finds that you have tested positive for illegal drugs or that you have committed any non-criminal violation of the release conditions. Graduated sanctions may include community service, curfew with electronic monitoring, and/or a period of time in a community treatment center.

16. If you have been convicted of any sexual offense under District of Columbia or federal law (including the Uniform Code of Military Justice), you must report for registration with your state (including the District of Columbia) sex offender registration agency as directed by your Supervision Officer. You are required to report for registration in any state (including the District of Columbia) in which you live, work, attend school, or pursue any vocation. You must be registered in compliance with any law that applies to current or prior federal, state, or local convictions for sexual offenses, and in compliance with 42 U.S.C. § 14072(i) (which makes it a federal crime for any offender covered by 18 U.S.C. § 4042 not to register in accordance with state law). If there is any question as to whether or where you are required to register, you must seek and follow the guidance of your Supervision Officer.

**You shall also abide by the below listed special condition(s) as indicated:**

```
[                                                                          ]
```

The Parole Commission may add to, modify, or delete any condition of release at any time.
Information concerning a release under the supervision of the Parole Supervision Services Division may be disclosed to a person or persons who may be exposed to harm through contact with that particular releasee if such disclosure is deemed to be reasonably necessary to give notice that such danger exists. Information concerning a releasee may be released to a law enforcement agency as required for the protection of the public or the enforcement of the conditions of the release.